## GIMMY v. GIMMY.

In an action for a divorce, where the complaint states the existence of common property, the Court, in addition to granting the divorce, may order a division of the common property and that a homestead be set apart to the plaintiff, although no relief of this character is prayed for in the complaint.

Where the defendant appears and answers, the Court may, under Sec. 137 of the Practice Act, grant any relief consistent with the case made and embraced within the issues, although not specifically prayed for.

An objection that a complaint in an action for divorce, stating the existence of common property, is uncertain and defective in not stating the facts showing the property to be common, must be raised by demurrer or it will be deemed waived.

APPEAL from the Twelfth Judicial District.

The complaint alleges acts of extreme cruelty upon the part of defendant, a resident of San Francisco, and avers that he is "seized and possessed of real estate in said city and county of the value of fifteen thousand dollars, and of personal property of the value of five thousand dollars." The prayer is for a divorce from the bonds of matrimony, for alimony, and an allowance for expenses of litigation.

The answer denies the allegations as to acts of cruelty, charges adultery upon the plaintiff, and further denies that defendant has property to the amount stated in the complaint or to any amount exceeding $2,000. The case was tried before a jury who found a special verdict, upon the charge of cruelty in the complaint and that of adultery in the answer, in favor of plaintiff. The Court, upon this verdict and the evidence, decreed a divorce, and adjudged that the plaintiff should have half the common property, without designating its value or description, and that the homestead upon which the plaintiff was then residing (describing it by metes and bounds) should be set apart to her.

From this judgment the defendant appeals.

*John G. Gimmy,* Appellant, *in pro. per.*

*Porter & Sawyer,* for Respondent.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. concurring.

This is an action for a divorce, brought by the wife against her husband, on the ground of extreme cruelty. The case was tried by a jury who found a verdict for the plaintiff, and a decree of divorce was accordingly granted, and it was also decreed that all the common property belonging to the parties be equally divided between them, and a certain lot of land was also set apart to the plaintiff, her heirs, and assigns forever, from which the defendant appeals.

The appellant contends that, as there is no prayer in the complaint for a division of the common property, it was a suit for a mere divorce, and the Court therefore erred in making such order for a division and setting apart the lot to the plaintiff. The complaint avers that the defendant is seized and possessed of real estate in the City of San Francisco of the value of $15,000, and that he is possessed of personal property of the value of $5,000, upon which issue was taken by the defendant by his answer. The tenth section of the statute defining the rights of husband and wife (Wood's Dig. 488) provides that " in case of the dissolution of the marriage, by decree of any Court of competent jurisdiction, the common property shall be .equally divided between the parties, and the Court granting the decree *shall* make such order for the division of the common property, or the sale and equal distribution of the proceeds thereof, as the nature of the case may require; *provided,* that when such decree of divorce is rendered on the ground of adultery, or extreme cruelty, the party found guilty thereof shall only be entitled to such portion of the common property as the Court granting the decree may, in its discretion, from the facts of the case, deem just and allow," etc. In this case the defendant was found guilty of extreme cruelty, which left the division of the property subject to the discretion of the Court. The averments of the complaint in this case, if any were necessary, were sufficient, without any special prayer, to authorize the Court to render the decree it did relating to the property. Again, the defendant having appeared and filed an answer, the Court had the power, under Sec. 137 of the Practice Act, to grant the plaintiff any relief consistent with the case made by the complaint and embraced within the issue. The aver-

ments of the complaint and answer brought this question in issue, and the Court therefore properly rendered a decree ordering a division of the property.

But the appellant also contends that the averments in the complaint relating to the common property are uncertain and insufficient, because it does not aver in direct terms or state the facts showing that the real and personal property thus owned by him were common property. He should have raised this objection by demurrer on that ground, then the plaintiff could have amended, and it is too late for him to raise it in this Court for the first time.

The judgment is affirmed.