[S. F. No. 1523.    Department Two.—November 2, 1900.]

## D. G. KENT and G. M. BRUCE, Appellants, v. SAN FRANCISCO SAVINGS UNION, Respondent.

Appeal—Order Granting New Trial—Affirmance—Law of the Case —Duty of Lower Court.—The decision of this court upon questions of law, in affirming upon appeal an order granting a new trial, is the law of the case; and it is the duty of the lower court not to depart from the decision of this court upon the new trial.

Id.—New Trial in Foreclosure — Marshaling Securities—Sale of Purchased Land—Error as to Power.—Upon affirmance of an order granting a new trial of a foreclosure suit, a decision upon appeal that a decree in favor of the plaintiff, who, as a vendor of land, holds the title as security for the purchase money of land sold, foreclosing only a lien upon other lands held by him as collateral security for the purchase money, was erroneous as against the holder of a subsequent deed of trust of such other lands, and that the purchased land should be first sold, before the sale of the other lands, is the law of the case, which it is the duty of the court to enforce upon the new trial; and it is error to decide that the court had no power to order such sale, by reason of the finality of the former judgment as a bar thereto.

Id.—Power of Court—Relief Consistent With Facts Alleged—Pleading—Original Complaint—Prayer.—The court had power where the original complaint was answered by the purchaser as well as by the subsequent lienholder, to grant any relief consistent with the facts alleged and embraced within the issues. It had power to order that the purchased lands be first sold as against the subsequent lienholder, under the original complaint, where it stated all the facts of the case, and set forth the contract of sale, containing a description of the property sold, as well as of the other lands, and asked not only for the foreclosure of the lien upon the other lands, but "for such other and further orders, judgments, and decrees as may be equitable."

Id.—Amended Complaint—Foreclosure of Vendor's Security—Stipulation as to Answer of Purchaser—Judgment-roll.—Where an amended complaint was filed, expressly seeking a foreclosure of the vendor's security held by reservation of the title of the property sold, and seeking a first sale thereof, a stipulation made between the attorneys for the plaintiff and the attorney for the purchaser, that the answer of the latter "now on file to plaintiff's amended complaint be his answer to said amended complaint, when amended as hereinbefore specified," and en-

CXXX. Cal.—26

tered upon the minutes of the court, is binding, and is part of the judgment-roll, and proves an answer of the purchaser to the amended complaint.

ID.—CONSTRUCTION OF FINDING—FILING OF PURCHASER'S ANSWER.—A finding that the purchaser "appeared and filed an answer in this action" must be presumed correct, and to refer to the amended complaint, upon which the court was acting.

ID.—STATUTE OF LIMITATIONS—NEW CAUSE OF ACTION NOT STATED.— The amended complaint did not bring in new parties or state a new cause of action; and the cause of action in the original complaint not being barred by the statute of limitations, it cannot apply to the amended complaint.

ID.—WAIVER OF VENDOR'S LIEN—TITLE HELD AS SECURITY—LIEN UPON OTHER LANDS—JUDGMENT UPON FORECLOSURE.—The title held by the vendor in trust for the purchaser, as security for the unpaid purchase money, was not waived by the taking of collateral security upon other lands, nor by the original judgment foreclosing the lien only upon the other lands, which was set aside by the order granting a new trial. The vendor did not, by so doing, evince a determination to waive the title held as security; nor did he put himself in such a condition that it would be inequitable upon the new trial to enforce the vendor's security, which was ordered to be first enforced in the decision upon appeal.

ID.—NEW TRIAL GRANTED UPON MOTION OF LIENHOLDER—FINALITY OF JUDGMENT AS TO PURCHASER—POWER OF COURT.—The fact that the new trial was granted upon motion of the subsequent lienholder only, and that the purchaser did not move for a new trial, or appeal from the judgment, and that it was final as to him, cannot deprive the court of power to correct the error made in the former decree, even though such correction may incidentally affect the purchaser.

APPEAL from a judgment of the Superior Court of Fresno County and from an order denying a new trial. E. W. Risley, Judge.

The facts are stated in the opinion.

John Reynolds, for Appellants.

H. C. Campbell, and George A. Nourse, for Respondent.

COOPER, C.—This appeal is from a final judgment for respondent and from an order denying plaintiffs' motion for a new trial. The facts, as admitted, and as shown by the findings, are substantially as follows:

On the twelfth day of April, 1888, the plaintiffs, being the owners of certain real estate in Oakland, Alameda county, made a written contract with one Williams, by which they agreed to sell him said real estate for the sum of twenty-two thousand five hundred dollars, for which Williams gave them his promissory note, payable on or before April 12, 1891, and plaintiffs agreed to give to said Williams a conveyance of said property upon the payment in full of said note. The time for the payment of said note was afterward extended by plaintiffs to October 12, 1891. The said written contract contains this clause: "The said party of the second part [Williams] agrees to deposit with the First National Bank of Oakland, California, a deed in escrow in favor of said parties of the first part, of an undivided one-quarter interest in seventeen hundred and thirty acres, covering the greater portions of sections 21, 28, and 33, in township 13 south, range 23 east, in Fresno county California, and apply the proceeds of all sales of said land to the payment of said promissory note." Williams paid five hundred dollars upon said note, and by agreement of the parties went into possession of the Oakland property, agreeing to pay for the use of the same sixty dollars per month until the note should be paid. He afterward failed to pay any other portion of the note and became insolvent. The said written contract was recorded in Fresno county, and the deed which Williams agreed to execute was executed and deposited with the said First National Bank, and was afterward delivered by said bank to plaintiffs.

After the recording of said contract, but before the recording of said deed, and on the tenth day of January, 1889, the said Williams, with others, borrowed from the respondent, the San Francisco Savings Union, the sum of sixteen thousand dollars, and as security therefor executed to said savings union a deed of trust upon certain specifically described lands in Fresno county which are claimed by plaintiffs to be a part of the lands agreed to be conveyed to them in said contract between them and Williams.

In January, 1893, the plaintiffs commenced this action to enforce a lien upon the lands in Fresno county for the pay-

ment of the said note, without any offer to first enforce any lien which they have upon the Oakland property.

The prayer of the complaint was for a sale of the Fresno property, and the application of the proceeds of the sale to the payment of the note so made by Williams to plaintiff. The summons followed the complaint as to the nature of the action and the relief demanded. The action was against Williams, and respondent San Francisco Savings Union, and others. Judgment was rendered for plaintiffs for a sale of the Fresno lands as prayed for in the complaint. The San Francisco Savings Union, which will hereafter be designated as respondent, made a motion for a new trial, which was granted. From the order granting the new trial the plaintiffs appealed to this court, and the order was affirmed. (*Kent v. Williams*, 114 Cal. 537.) This court affirmed the order upon the ground that the plaintiffs had a lien upon the Oakland property and also upon the Fresno property, and the respondent had a subsequent lien upon the Fresno property only; and, having such subsequent lien, it had the right to have the plaintiffs resort first to the Oakland property, upon which they held the exclusive lien. In the opinion it is said: "Therefore, in the case at bar, the lien which the plaintiffs reserved on the property in Oakland was not waived by taking the collateral security on the land in Fresno; and the respondent had the clear right to demand that the plaintiffs should first proceed upon their security on said Oakland property." The decision has become the law of the case, so far as the questions therein decided. Upon the case being remanded to the court below plaintiffs amended their complaint, and asked in the prayer thereof that the court might adjudge and find the amount due to plaintiffs, and that the Oakland property be sold first, and if the proceeds should not be sufficient to pay the plaintiffs the amount due them, then, upon a report of the deficiency, that the lands in Fresno be sold to satisfy such deficiency. The amended complaint was filed in April, 1897. No summons was issued upon the amended complaint, and the court found that it was never served upon defendant Williams.

Upon the new trial the court below held that the original complaint was not filed for the purpose of foreclosing the plaintiffs' lien upon the Oakland property, and that, as the first judgment had become final as to Williams, the court did not have the power to make a different decree and order the Oakland property sold first. In this we think the court erred. The main contention of the respondent on the former appeal was that the decree should have provided first for a sale of the property upon which it had no lien, but upon which plaintiff had a lien, so that respondent might have the full benefit of all the security held both by it and by plaintiffs. This court adopted the view for which respondent contended, and affirmed the order of the lower court granting a new trial. It was evidently intended that upon the new trial the court would proceed to make its decree in accordance with the law as laid down by this court. But upon the new trial the respondent contended, and, it seems, convinced the court below, that no decree could be made directing a sale of the property in Oakland, for the reason that such relief was not prayed for in the original complaint, and, the original judgment had become final. It seems that respondent, after contending for a decree in a certain form, and obtaining a new trial upon the theory that the decree should have been as contended for by it, finally concluded on the new trial that it did not want such decree. It is really attempting to blow hot and cold at the same time. The original complaint contained a statement of all the facts connected with the transaction. It described the Oakland property and the Fresno property. It set forth the note and claimed the amount due upon it for the purchase price of the property in Oakland. And while it asked for a foreclosure of the mortgage and a sale of the premises in Fresno county, it also asked "for such other and further orders, judgments and decrees as may be equitable and just." Respondent, by its answer, claimed that as to it, it would be equitable and just to have the decree provide first for a sale of the Oakland property. The court held that it was entitled to such decree, and now it is here, claiming that the court had no power to make such decree. It is not necessary to decide whether or not it

was incumbent upon the plaintiffs to amend their complaint
or to have served Williams with the amendment. He had
appeared in the action, and had not denied any allegations of
the complaint, but pleaded that since the making of the note
he had been adjudged insolvent. Where a defendant appears
and answers the court may grant any relief consistent with the
facts alleged in the complaint and embraced within the issues.
(Code Civ. Proc., sec. 580; *Gimmy v. Gimmy,* 22 Cal. 633;
*Cummings v. Cummings,* 75 Cal. 434.) But, aside from this,
we think the record shows that Williams answered the amend-
ed complaint. In a minute order of April 7, 1897, as to cer-
tain amendments to pleadings, after reciting certain proceed-
ings, appears the following: "Attorneys for plaintiffs and said
attorney for W. M. Williams now stipulate that the answer of
W. M. Williams now on file to plaintiffs' amended complaint
be his answer to said amended complaint when amended as
hereinbefore specified." This stipulation became a part of the
pleadings and was properly attached to the judgment-roll.
(Code Civ. Proc., sec. 670.) This entry in the minutes of the
court was binding. (Code Civ. Proc., sec. 283; *Merritt v. Wil-
cox,* 52 Cal. 240.) The findings state: "The said Williams ap-
peared and filed an answer in this action." We must presume
this finding to be correct and to refer to the amended com-
plaint upon which the court was then acting. The cause of
action is not barred by the statutes of limitation, as the com-
plaint was filed within less than two years after the note be-
came due. The amendment did not bring in new parties or
state a new cause of action. It is contended that by asking
for and procuring a judgment for the sale of the Fresno lands
the plaintiffs waived their lien upon the Oakland lands, and
many cases are cited. An examination shows that they were
nearly all cases for the foreclosure of mortgages where the
mortgagor had proceeded to foreclose upon and against a part
only of the security. The law is correctly laid down in the
cases applicable to the facts therein, as the code expressly says
there can be but one action for the foreclosure of a mort-
gage; but the authorities do not apply to the facts of this

case.   Here the plaintiffs took a conveyance of the Fresno lands as additional security, and this conveyance was intended as a mortgage.   But they had as security the land they had agreed to convey, the title remaining in them.   This title they held as security for the unpaid purchase money and as trustee for Williams.   (2 Warvelle on Vendors, 722; *Woodard v. Hennegan,* 128 Cal. 293; *Campbell v. Freeman,* 99 Cal. 547.)   The authorities generally hold that to constitute a waiver of the vendor's lien there must be some act or omission by the vendor showing an intention on his part to waive the lien.   (*Selna v. Selna,* 125 Cal. 361.)   In the case last cited the test as to whether or not there has been a waiver is said to be: "Has the vendor, by such or such an act or omission, so placed his rights in relation to the lands sold, or to the vendee, that it would be inequitable to sustain this right in his favor, or has his act been such that it shows a determination not to rely upon his lien?"

We do not think, applying this test, that plaintiffs have waived their lien upon any of the lands in either place.   They brought suit to foreclose upon the Fresno lands, evidently believing that the title still remained in them to the Oakland lands, and that it was not necessary to include them.   Respondent contended that the court, as a court of equity, should protect it, by requiring plaintiffs first to exhaust the security upon which respondent had no lien.   This should be done, and the decree should so provide.   This course will give to plaintiffs all the security it had when it took the note.   It will deprive respondent of no security upon which it acquired a prior lien.   It is said by respondent that the decree for the sale of the Fresno property was and is a final decree, and that while it stands the court can make no further decree regarding it.   If such is the case, the order granting respondent a new trial must go for naught.   But the very object of respondent's motion for a new trial was to be relieved of the judgment and decree directing the sale of the Fresno property alone.   The new trial was granted for the reason that the court had erred in concluding and directing a sale of the

Fresno property, regardless of the equities of the respondent. This new trial was granted for the purpose of awarding to respondent a correct decree which should direct the order in which the property was to be sold. The judgment as to all parties, other than respondent, became final as to them in the sense that they could not further contest it. But as the new trial was granted on the motion of one party only, the court had the power to correct the error that had been made in the former decree even if such correction in some way incidentally affected other parties to the suit. It would be a strange doctrine if a court, in an action against several defendants, made a decree doing injustice to one of them, and, on application of the one alone granted a new trial, should then be powerless to grant any relief at all as to the one, or to modify its decree so as to make it what it should have been in the first place. The respondent's position is that the court in the first decree granted more relief than it should have done as to respondent, and that, since granting respondent a new trial, the court can grant no relief against it, for the reason that the other defendants did not make any motion for a new trial nor appeal from the judgment. In *Pfister v. Wade*, 69 Cal. 133, a judgment was rendered originally against Judson and Wade. Judson alone appealed from the first judgment, and it was reversed. Upon the retrial it seems Wade, who had not appealed from the original judgment, was allowed to participate. In the opinion it is said: "It is contended by appellant Judson that, as Wade never appealed from the original judgment entered in this cause, the reversal thereof did not apply to him, and, as a consequence, that he had no right to participate in the last trial. The answer to the position is that this court reversed the judgment of the court below, and that thereupon, on motion of counsel for Bliss, the assignor of Judson, the judgment of the court below was vacated and set aside. This action having been brought about by Bliss, he and his assignee are not in a position to question its regularity."

The description contained in the deed made by Williams to plaintiffs need not be discussed. There is nothing said about

it in the findings, nor about the deed, except that it was intended as a mortgage and as collateral security, and the conclusions of law do not show that it was in any way considered by the court in ordering judgment for defendant.

It follows that the judgment and order should be reversed.

Chipman, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are reversed.

Temple, J., Henshaw, J., McFarland, J.

Hearing in Bank denied.