# WHITE et al. v. ADLER.

## No. 18,357; December 20, 1895.

### 42 Pac. 1070.

**Venue—Joinder of Personal and Local Actions.**—An action upon a contract whereby defendant was to pay a certain sum for land in case the title thereto was satisfactorily cleared, or to reconvey the land if the title was not so cleared, the complaint, praying for relief in the alternative, is not within Code of Civil Procedure, section 392, providing that actions for the recovery of real property must be tried in the county where the land is situated, but is within section 395, providing that in all other cases the action must be tried in the county in which the defendants reside.[1]

APPEAL from Superior Court, Yolo County; W. H. Grant, Judge.

Action by W. C. White and others against Moses Adler upon a contract to pay the purchase price of land, or reconvey the same to plaintiffs. From an order denying his motion to change the place of trial defendant appeals. Reversed.

———

[1] **Cited** with approval in Peninsular Trading & F. Co. v. Pacific Steam Whaling Co., 123 Cal. 697, 56 Pac. 607, where with other cases it is given to illustrate decrees of equity courts acting in personam and only collaterally in rem.

Reinstein & Eisner for appellant; Frank H. Smith for respondents.

PER CURIAM.—This action was commenced in the superior court of Yolo county, and was based upon a written contract executed by the plaintiffs, as parties of the second part, and by the defendant, as party of the first part. The contract was dated May 28, 1892, and the material parts of it read as follows: "Whereas, a conveyance has this day been made by said parties of the second part to said party of the first part of certain lands [describing eighty acres of land situate in Yolo county], the title of which eighty acres is defective, and the payment for which has not been made by said party of the first part: Now, it is mutually understood and agreed that said parties of the second part will clear the title to said land, satisfactorily to said party of the first part, within twelve (12) months from this date; and should said title, within said time, be made satisfactory to said party of the first part, he will pay to said parties of the second part the sum of two thousand two hundred ($2,200) dollars in U. S. gold coin; and, should said title not be so as aforesaid made satisfactory to said party of the first part, then said party of the first part will reconvey said land to said parties of the second part, at the expiration of said twelve (12) months, free of cost to said second party." The complaint alleges "that, within twelve months from the date of said agreement, these plaintiffs took steps to, and endeavored to, clear the title to said land satisfactorily to said Adler, and to make the title to said land satisfactory to said Adler, and plaintiffs are informed and believe, and therefore allege, that plaintiffs did clear the title to said land, and quiet the same in said Adler; that plaintiffs have furnished defendant with a complete abstract of all the steps taken by them affecting said title, which said abstract contains an abstract of everything of record affecting the title to the said tracts of land upon the records and files of said Yolo county; that defendant has refused to state, and still refuses to state, whether or not the title to said land is now satisfactory to him or not; that said defendant, although demand has been made upon him by plaintiffs, has refused, and still refuses, to either pay to plaintiffs the said sum of $2,200, or to reconvey to said plaintiffs the said land." And the prayer of the complaint is for the judgment and de-

cree of the court "that defendant specifically perform his said contract, and, according to the terms thereof, either pay said sum of $2,200, or, in case said title is not satisfactorily cleared and quieted according to the true intent and meaning of said contract, reconvey said land to plaintiffs, and for such other and further, or other or further, relief as may be proper." In due time the defendant, upon proper notice, demand and affidavit, moved the court that the place of trial of the action be changed from the county of Yolo to the city and county of San Francisco, upon the ground that at the time the action was commenced he was, and ever since has been, a bona fide resident of said city and county. The court denied the motion, and, from the order made, defendant appeals.

Section 392 of the Code of Civil Procedure provides: "Actions for the following causes must be tried in the county in which the subject of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial, as provided in this code: (1) For the recovery of real property, or of an estate or interest therein, or for the determination, in any form, of such right or interest, and for injuries to real property." And section 395 of the same code provides: "In all other cases the action must be tried in the county in which the defendants, or some of them, reside at the commencement of the action." The meaning and import of these sections were under consideration in the case of Smith v. Smith, 88 Cal. 572, 26 Pac. 356, and it was there said: "The general spirit and policy of the statute is to give to the defendant the right of having all personal actions against him tried in the county of his residence. Provision is made for the trial of actions affecting real estate in the county where the land is situated, and for the trial of certain other designated actions in the county where the cause of action arose; but the general rule for the place of trial is prescribed by section 395, by the declaration that 'in all other cases' the action must be tried in the county in which the defendant resides at the commencement of the action. . . . . The plaintiff cannot, by uniting in his complaint matters which form the subject of a personal action with matters which form the subject of a local action, compel the defendant to have both those matters tried in a county other than that in which he resides. It is only when real estate alone is the subject matter of the action that the provisions of section 392 can be invoked against

a defendant who resides in a county different from that in which the land is situated. If, in his complaint, the plaintiff join with such a cause of action another which is not embraced in its provisions, or if he also seeks a remedy against the defendant upon matters which are not embraced within the provisions of this section, his action becomes one of those 'other cases' provided for in section 395, which the defendant is entitled to have tried in the county of his residence.'' If it be conceded that the subject matter of this action is the land, still it is evident from an inspection of the complaint that the primary object of the action is to recover $2,200, the purchase price thereof, and not to obtain a reconveyance. The plaintiffs might have sued for the money alone, without asking for any alternative relief. They were, however, not satisfied with such an action, but chose to join with it a cause of action for a reconveyance. By so doing they united in the complaint ''matters which form the subject of a personal action with matters which form the subject of a local action,'' but the defendant was not thereby deprived of the right to have the action tried in the county of his residence. Upon the authority of Smith v. Smith, supra, the order appealed from is reversed and the court below is directed to make an order changing the place of trial from the county of Yolo to the city and county of San Francisco.