[L. A. No. 99.   Department Two.—August 27, 1896.]

CHARLES H. McARTHUR, APPELLANT, *v.* H. W. MAGEE, RESPONDENT.

MORTGAGES — COLLATERAL SECURITY — FORECLOSURE — CONVERSION — AC-COUNTING.—Where notes secured by mortgages are assigned to a mort-gagee as collateral security for the payment of a note and mortgage executed to him, he is not required to foreclose the two mortgages in one action; but after foreclosing his own mortgage, and 'obtaining a judgment for deficiency, he may foreclose the mortgage assigned to him as collateral security; and he is not liable as for a conversion by merging the assigned mortgage into a judgment of foreclosure thereof in his own name, but is only liable to an accounting of the proceeds when collected, if there should be any surplus after paying his judgment for deficiency.

ID. — PURCHASE AT FORECLOSURE OF COLLATERAL MORTGAGE. — The assignee of a note and mortgage as collateral security may purchase the mortgaged premises at sale under foreclosure, and, in the absence of fraud, he takes an absolute title, and is required. only to account for the proceeds.

APPEAL from a judgment of the Superior Court of Los Angeles County. J. W. McKINLEY, Judge.

The facts are stated in the opinion of the court.

*Will D. Gould*, for Appellant.

There can be but one action for the recovery of a debt secured by mortgage. (Code Civ. Proc., sec. 726.) By taking a personal judgment in the first foreclosure suit, without foreclosure of both mortgages, the lien of the other mortgage was waived and annulled. (*Masca-*

*rel* v. *Raffour*, 51 Cal. 242; *Hall* v. *Arnott*, 80 Cal. 348; *Ould* v. *Stoddard*, 54 Cal. 613; *Bull* v. *Coe*, 77 Cal. 59; 11 Am. St. Rep. 235.) The subsequent foreclosing of the collateral mortgage, and purchasing the property thereunder in a separate action, without making plaintiff a party, amounts to a conversion of plaintiff's property, and defendant must be deemed, at the election of the pledgor, to have taken it at its face value. (*Haber* v. *Brown*, 101 Cal. 445; *Whitten* v. *Wright*, 34 Mich. 92.)

*D. P. Hatch*, for Respondent.

The pledgee has the right to bring a separate action for collection of the collateral notes and mortgage. (Civ. Code, sec. 3006; Jones on Pledges, sec. 651; *Gay* v. *Moss*, 34 Cal. 125; *Merced Bank* v. *Casaccia*, 103 Cal. 641.)

HENSHAW, J. — Defendant's general demurrer to plaintiff's complaint having been sustained, and plaintiff having elected to stand upon his pleading, judgment passed for defendant, and plaintiff appeals.

The following are the facts pleaded, and claimed to constitute a cause of action in conversion: On October 15, 1891, defendant Magee loaned to plaintiff $10,500, payable one year from date, with interest at the rate of eleven per cent per annum. On the same day McArthur and wife executed to Magee a mortgage on certain realty to secure this debt. At the same time, and as collateral security, they assigned to defendant four promissory notes secured by mortgage executed by Mrs. McCormick to McArthur. The notes were for $5,000 each.

After McArthur's debt became due, Magee brought his action in foreclosure, obtained judgment, caused the mortgaged property to be sold, and himself became the purchaser thereof for the sum of $3,150. He caused a deficiency judgment to be entered against McArthur for the balance of the debt, amounting to $9,468.90.

The McCormick notes falling due and remaining

unpaid, Magee likewise brought suit in foreclosure upon them, and obtained judgment for the full amount due. The property was sold and purchased by Magee, who subsequently obtained the sheriff's deed therefor.

The written assignment to Magee of the McCormick notes and mortgage contained the following provision: " In case default be made in the payment of said ten thousand five hundred dollar ($10,500) note, then said Magee may maintain immediately an action against the assignors of this mortgage for the purpose of procuring, and may procure, a judgment fixing the amount due to him under said note, and directing that said McCormick notes and mortgage be sold by the sheriff for the purpose of satisfying the amount to said Magee."

It is averred that in foreclosing and merging the McCormick notes and mortgage into a judgment, Magee converted plaintiff's property to his own use, to plaintiff's damage, in the sum of $20,000. It is also averred that defendant Magee has paid no part of the sum, nor has in any way accounted to plaintiff for said notes and mortgage.

The prayer of plaintiff is that defendant be required to pay him $20,000, and to satisfy the deficiency judgment of $9,468.90 entered in the foreclosure suit of *Magee* v. *McArthur.* The demand, therefore, is for the face value of the McCormick notes thus alleged to have been converted, and for a satisfaction of the deficiency judgment.

Appellant argues in support of the sufficiency of his complaint that defendant held the McCormick notes and mortgages in pledge as collateral security—which may at once be conceded. He claims that, as under section 726 of the Code of Civil Procedure there can be but one action for the recovery of any debt, or the enforcement of any right secured by mortgage, by bringing suit against McArthur on his $10,500 note without mention of the McCormick notes as collateral security, and by taking a personal judgment for the deficiency against McArthur, Magee waived his security in the

McCormick notes and mortgage. These last-named notes thereby became the property of McArthur, freed from any lien, and Magee's subsequent dealings with them amounted to a conversion.

Appellant further contends that the above-quoted provision in the contract of assignment and pledge restricted Magee to a sale of the McCormick notes, and that his foreclosure and merger of them into a judgment was, therefore, a conversion.

In disposing of the last contention it need only be pointed out that by section 3006 of the Civil Code a pledgee is forbidden to sell any evidence of debt pledged to him, but his right is limited to collecting the same when due. This limitation, being designed for the benefit of the pledgor, may be waived by him as was done in this case. But the effect of the contract is not to restrict the pledgee to the mode indicated, but is merely a permission added to his statutory right; i. e., under the contract he may either collect or sell, whereas by the code he could only collect. (Jones on Pledges, secs. 645–51.)

So far, then, as the contract affects the question, Magee was perfectly justified in collecting the McCormick notes, after default in their payment, by foreclosure proceedings.

Reverting to the first contention of appellant, it may be briefly said that Magee's right to foreclose the McArthur mortgage cannot be disputed. It was not incumbent upon him in that suit to make mention of the additional collateral security which he held, since the decree in the action of foreclosure could not have dealt with that security. (*St. Helena Bank* v. *Middlekauff,* 113 Cal. 463.) When the mortgaged property, the primary source of payment of the McArthur debt, had been exhausted by sale, Magee was entitled to have entered, as he did, a personal judgment for the unpaid portion of the debt.

Appellant seems to hold that, because the McCormick notes secured by mortgage were themselves security for

the McArthur debt, the McCormick mortgage is to be regarded as a mortgage given primarily to secure the McArthur note; that Magee should have foreclosed the two mortgages in the one action, and that, having failed to do so, he waived the lien of the McCormick securities. But this is manifestly an untenable position. The land covered by the McCormick mortgage was not subjected to any lien to secure the McArthur note. It had been mortgaged to secure the McCormick notes, which notes having been pledged as collateral security, the mortgage, as an incident, passed likewise into pledge. As is said in *Merced Bank* v. *Casaccia*, 103 Cal. 641: "An action to foreclose a mortgage which has been assigned as collateral security for the principal debt is not an action for the recovery of the principal debt, but to preserve and enforce the security, which is a duty imposed upon the creditor by the contract of hypothecation, and the principal debt need not be enforced in such action."

Magee was thus entitled, if indeed it was not his duty, to do exactly as he did—foreclose the McArthur mortgage, obtain a personal deficiency judgment, and collect by foreclosure the proceeds of the pledged notes and mortgage. And in doing any or all of these things he was not chargeable with conversion. He was also entitled to purchase at the McCormick sale, as it is pleaded he did, and in the absence of fraud he took a free and absolute title, and was required only to account to McArthur for the proceeds. (*Kelly* v. *Matlock*, 85 Cal. 122.)

Under these circumstances McArthur's rights are to demand an accounting, under which the proceeds of the McCormick foreclosure would be applied to reduce or extinguish McGee's personal judgment against McArthur, and Magee would be required to pay over any surplus in funds, or to assign over, after reimbursing himself, whatever personal judgment for deficiency he might still hold against McCormick.

But this is not what plaintiff sues for. He has not put defendant in default by demanding such an accounting. He does not plead a refusal so to account, or any

facts from which such a refusal might be inferred. For all that appears in the complaint, defendant may have done for, and given to, plaintiff all that he was entitled to demand. In any event, it is certain that no cause of action for conversion is set out in the complaint. The general demurrer to it was, therefore, properly sustained. The judgment is affirmed.

McFARLAND, J., and TEMPLE, J., concurred.

Hearing in Bank denied.