[S. F. No. 3046.    Department Two.—January 19, 1905.]

## D. G. KENT et al., Respondents, v. W. M. WILLIAMS et al., Defendants; SAN FRANCISCO SAVINGS UNION, Appellant.

FORECLOSURE OF MORTGAGE—LANDS IN DIFFERENT COUNTIES—MARSHALING OF LIENS—DECISION UPON FORMER APPEAL.—Where the record upon the present appeal from a decree foreclosing a mortgage upon lands situated in different counties shows the same state of facts as appeared upon a former appeal as to the rights of the parties as to the marshaling of liens, and the prior sale of a parcel of land in another county before selling the land in the county of the venue, upon which such prior sale was adjudged, the trial court did not err in carrying out by its judgment the principles determined upon the former appeal.

ID.—EFFECT OF ORDER GRANTING NEW TRIAL—NOTICE OF MOTION TO MORTGAGOR—PRESUMPTION OF JURISDICTION.—An order granting a new trial of the action upon motion of a subsequent lienholder is to be construed according to its terms, and has the effect to set aside the judgment rendered in the action and place the parties in the same position which they held before any trial had been held, including the mortgagor, whether he was or was not served with notice of the motion, the judgment being of such a character that the court could not vacate it as between the lienholder and the mortgagee, and leave it in force against the mortgagor. In support of the validity of the order, the jurisdiction of the court to make it must be assumed.

ID.—POWER OF COURT TO CORRECT ERROR.—Even if the lienholder gave no notice of the motion to the mortgagor, and only asked for a new trial as to the mortgagee, the court was not precluded from

granting a new trial of the entire action, if the means of correcting an error in the marshaling of liens could not be corrected in the absence of the mortgagor, and from thus indirectly setting aside the erroneous judgment as to the mortgagor, merely because he had not asked for it.

ID.—RECORD OF INSTRUMENTS—NOTICE TO LIENHOLDER—CONTRACT TO SECURE PURCHASE MONEY OF LAND—DEED ABSOLUTE INTENDED AS MORTGAGE.—A contract providing that a note for the purchase money of a tract of land in one county is to be secured by a deed of land in another county was properly recorded in the book of "Covenants" of the former county, and operated as constructive notice of the contract and of the unrecorded deed of lands, in which the subsequent lienholder was interested. The subsequent record of the deed in the book of "Deeds" gave constructive notice thereof, though it was intended as a mortgage. It is only a mortgage in form as such, which is required to be recorded in the book of "Mortgages."

ID.—CERTAINTY OF DESCRIPTION—DECREE—PRESUMPTION.—The contract and deed were sufficiently certain in the description of the land deeded as security if one familiar with the property could identify and locate it; and where the court by its decree gave definite descriptions of all the lands deeded, including those in which the subsequent lienholder claimed an interest, it will be presumed upon appeal by such lienholder that the court received competent evidence from which to ascertain such descriptions.

ID.—JURISDICTION OF FORECLOSURE—PROPERTY IN DIFFERENT COUNTIES.—The court in which the land deeded as security was situated acquired jurisdiction to foreclose the security given for the note given as purchase money for land situated in another county and to order the sale of such land. The court in either county would have had jurisdiction of the foreclosure.

ID.—JURISDICTION NOT AFFECTED BY ERROR.—The court having acquired jurisdiction of the action could not lose it by error committed in the course of the trial or by an erroneous judgment, which, after ascertaining the error, it caused to be vacated.

ID.—STATUTE OF LIMITATIONS—AMENDMENT OF COMPLAINT.—Where the action was brought within four years after the maturity of the note for purchase money secured by the deed, it was not barred by the statute of limitations, and an amendment of the complaint so as to add an additional prayer for sale of the land purchased, the cause of action for which was set forth in the original complaint, did not introduce a new cause of action. The court without such amendment had power, under section 580 of the Code of Civil Procedure, thereupon to grant the relief prayed for in the amended complaint.

ID.—MORTGAGEES NOT ESTOPPED—ERRONEOUS CLAIM UPON APPEAL.—The fact that the mortgagees upon a first appeal erroneously claimed that the action was brought only to foreclose the lien upon

the land deeded as security did not estop them from afterwards claiming, in accordance with the opinion of the court, the right to foreclose the lien upon both properties upon the original complaint.

ID.—APPEAL FROM ORDER REFUSING TO VACATE JUDGMENT—RECORD.— An order refusing to vacate a prior order or judgment is not appealable, unless there is a record which presents matter for consideration that could not be presented upon the appeal from the original order or judgment.

ID.—APPEAL FROM NEW TRIAL ORDER—MOTION UPON MINUTES OF COURT —INSUFFICIENT STATEMENT—DISMISSAL.—An appeal from an order denying a new trial cannot be considered where the motion was made upon the minutes of the court, and the statement is authenticated only by the attorneys and not by the court, and contains no specification of error or grounds argued before the court on the motion, and such appeal will be dismissed.

APPEAL from a judgment of the Superior Court of Fresno County and from an order refusing to vacate the same, and from an order denying a new trial. George E. Church, Judge.

The facts are stated in the opinion of the court.

H. C. Campbell, for Appellant.

John Reynolds, for Respondent.

THE COURT.—There have been two appeals heretofore in the present case, and the facts involved in the controversy are set forth in the opinions therein. (*Kent* v. *Williams,* 114 Cal. 537; *Kent* v. *San Francisco Savings Union,* 130 Cal. 401.)

Upon the first trial of the cause in 1895 the superior court rendered judgment in favor of the plaintiffs, and afterwards, upon the motion of the appellant herein, granted a new trial, which upon an appeal therefrom by the plaintiffs, was affirmed by this court upon the ground that, as the plaintiffs held a lien for their claim upon the Oakland as well as upon the Fresno property, while the appellant herein held a lien only upon the Fresno property, the superior court should have directed a sale of the Oakland property before resorting to the Fresno property. Upon the next trial of the cause, in 1897, the superior court held that the judgment of 1895 had become final as between the plaintiffs and Williams, and that it was without jurisdiction to change its terms as against Williams, and that by reason of the former decision of this court

that the Fresno property could not be sold until after the sale of the Oakland property, there could be no judgment for the foreclosure of the plaintiffs' lien upon either the Oakland or the Fresno property, and therefore rendered judgment that the plaintiffs take nothing by their action. Upon an appeal by the plaintiffs from that judgment it was reversed, and upon the next trial of the cause the superior court rendered judgment in favor of the plaintiffs for the amount of their claim, and directing a sale in satisfaction thereof, first, of the Oakland property, and if the proceeds thereof are insufficient to satisfy their claim, then of the Fresno property. From this judgment the San Francisco Savings Union has taken the present appeal.

1. The main point urged by the appellant in support of its appeal is, that as Williams took no steps to set aside the judgment of 1895, and as the order granting a new trial upon that judgment was made solely upon its motion, the judgment against Williams became final, and there could be no further trial of the case as against him; that as this court held upon the first appeal that the plaintiffs cannot foreclose their lien upon the Fresno property until the Oakland property has been sold, and its proceeds found insufficient to satisfy their claim, and as the plaintiffs omitted the Oakland property from the judgment of 1895, they have waived their lien thereon and precluded themselves from obtaining any judgment for the sale of that property, there can be no judgment rendered in the case for any sale of the Fresno property which will affect the interest therein of the appellant.

This proposition of the appellant is, however, the very point upon which the superior court rendered its judgment in 1897, in its favor, and which was reversed by this court upon the last appeal. In its opinion upon that appeal this court said (p. 405): "The court below held that the original complaint was not filed for the purpose of foreclosing the plaintiffs' lien upon the Oakland property, and that as the first judgment had become final as to Williams the court did not have the power to make a different decree and order the Oakland property sold first. *In this we think the court erred.*" Acting upon this declaration applicable to the case before it, the superior court rendered the judgment now appealed from, in accordance with the principles therein stated. An exam-

ination of the records in the two appeals shows that the facts
upon this point upon which the rights of the respective parties
depend are substantially identical. It must be held, therefore,
that the superior court did not err in rendering its judgment
in accordance with the principles declared upon the former
appeal. (See *Klauber* v. *San Diego Street-Car Co.,* 98 Cal.
105.)

2. The proposition of the appellant that the judgment of
1895, as between the plaintiffs and Williams, was not affected
by the order granting a new trial, but became, and is still,
final so far as Williams is concerned, is not sustained by the
record. Although a recital and statement to that effect is
made by the court in its findings of fact, it is none the less a
conclusion of law, depending upon the proceedings which had
been taken in the case, and is refuted by these proceedings as
set forth in the record. · In its notice of motion for a new
trial the appellant placed no limitation as to the issues upon
which, or the parties between whom, such motion would be
made, but stated in general terms that it intended to move for
a new trial "of the above-entitled action"; and the order of
the court granting the motion was in like general terms that
"the motion of the defendant San Francisco Savings Union
· for *a new trial herein* be and the same is hereby granted."
This order is to be construed by its terms, and, as it was for a
new trial of the action, its effect was to vacate and set aside
the judgment theretofore rendered in the action, and place
the parties in the position they held before any trial had been
had. Whether Williams had notice of the plaintiffs' motion,
or made no appearance upon the hearing thereof, or appeared
thereto without any notice, is not disclosed by the record, nor
is the fact material. The judgment was of such a character
that the court could not, by granting a new trial, vacate it as
between the plaintiffs and the appellant and leave it in full
force in all its terms as between the plaintiffs and Williams;
but if the scope of the order is to be limited, as contended by
the appellant, its effect would be to require Williams to satisfy
the judgment out of property other than that which he had
mortgaged for its security, and thus increase his burden and
indirectly contravene the provisions of section 726 of the Code
of Civil Procedure. If Williams did not have notice of the
appellant's motion, and did not appear at the hearing thereof,

the court would have been without jurisdiction to grant the motion (*Herriman* v. *Menzies,* 115 Cal. 16;[1] *United States* v. *Crooks,* 116 Cal. 43)., and it would have been denied; but in support of the validity of the order the jurisdiction of the court to make it must be assumed. If, in fact, the appellant gave no notice of its motion to Williams, and only asked for a new trial as between itself and the plaintiffs, the court was not precluded from granting a new trial of the entire action, and thus indirectly setting aside the judgment as to Williams, merely because he had not asked for it. Upon determining that it had erred in not directing the Oakland property to be first sold, and knowing that in the absence of Williams it had no jurisdiction to make any change in the judgment, which would injuriously affect him, under the power which it was held at the last appeal the court possessed, it very properly granted a new trial of the entire action, as the only mode in which its error could be corrected.

3. The record of the contract between the plaintiffs and Williams in the volume of "Covenants" gave constructive notice of its contents to the appellant.

Section 1158 of the Civil Code declares that any instrument in writing "affecting the title" to real property may be recorded. Section 1213 declares that every conveyance of real property which is recorded as prescribed by law is constructive notice of the contents thereof to subsequent purchasers and mortgagees from the time it is filed with the recorder for record; and under section 1215 the term "conveyance" embraces every instrument in writing by which the title to any real property may be affected. The County Government Act requires the county recorder to record the instruments authorized by law to be recorded "separately, in large and well-bound separate books," and the subdivisions of section 124 of that act name the several classes of instruments for which such separate books are to be procured and in which the instruments are to be separately recorded—the first of which subdivisions includes "deeds, grants, transfers, and mortgages of real estate," and the last of which is "Such other writings as are required or permitted by law to be recorded." The contract between the plaintiff and Williams was not only an instrument which affected the title of the plaintiffs to the

[1] 56 Am. St. Rep. 82.

Oakland property which they agreed to sell to him, but by reason of the agreement therein on the part of Williams to deposit in escrow with the First National Bank of Oakland a deed of his interest in the Fresno property therein described as collateral security for his payment of the purchase price of the Oakland property, it was also an instrument affecting his title to the said Fresno property. The contract was not a deed, or grant, or transfer, or mortgage by him of the Fresno property, but was an agreement by which his interest in that property, after he should deposit his deed with the bank, should be held by the plaintiffs as security for his obligation to them. In this respect the contract may be likened to an executory agreement for the sale of a parcel of real estate, and, as in the case of recording such an instrument, its record imparted notice of its contents to subsequent purchasers and mortgagees. Such instrument is not embraced within any of the classes of instruments for which separate books are specially designated, or for which the recorder is required to keep separate indexes, as was the case in *Cady* v. *Purser*, 131 Cal. 552,[1] cited by the appellant, but it is one of "such other writings" for which a separate book is to be provided. The recorder was therefore authorized to copy it into any book whose title would reasonably indicate its character, and when so copied it was duly recorded. The volume entitled "Covenants" is a proper designation of the character of the instrument, and its record therein could not have been misleading, and must be held to have been sufficient. The appellant thereby had constructive notice of its contents, and became charged with knowledge of all facts that any inquiry prompted by such notice would have disclosed. Upon such inquiry it would have learned that Williams had deposited with the Oakland bank the deed of his interest in the Fresno property, which the contract provided should be given as security to the plaintiffs for the payment of his promissory note. Such information of the existence of this unrecorded deed was as binding upon the appellant as if the deed had been properly recorded. (Civ. Code, sec. 1217.)

The contention that the subsequent recording of the deed in the volume of "Deeds" is of no effect, and that it should have been recorded in the volume of "Mortgages," cannot be

[1] 82 Am. St. Rep. 391.

maintained. The deed is without any conditions or qualifications, but is absolute in its terms, and section 1171 of the Civil Code declares that "Grants, absolute in terms, are to be recorded in one set of books, and mortgages in another." The fact that an instrument purporting to be an absolute grant is subject to a defeasance, or may be shown to be a mortgage, does not authorize it to be recorded among mortgages. Only such instruments as are mortgages by their terms are to be so recorded.

4. The objection of the appellant that the contract and deed are void by reason of the uncertainty in the description therein of the Fresno property must be overruled. It cannot be said that it is impossible for one familiar with that part of the country to take that description, and with the aid of the record of Williams's interest in the land, ascertain and locate upon the ground the extent of his interest in the sections named in the contract. The court in its judgment directing a sale thereof gave a definite description of the portion in which the appellant is interested, and also of that in which it has no interest, and it must be assumed that it received competent evidence from which to ascertain these descriptions.

5. Upon filing the complaint in this action in the superior court of Fresno County, that court acquired jurisdiction to render judgment for the foreclosure of the securities given for the note, and to direct a sale of the Oakland property as well as that of the Fresno property. Under section 726 of the Code of Civil Procedure there can be but one action for the recovery of a debt secured by mortgage, and if the property which is mortgaged to secure a debt is situated in different counties, the provision of the constitution (art. VI, sec. 5), that an action for the enforcement of liens upon real estate may be commenced in the county in which the real estate, or any part thereof, is situated, authorizes the plaintiff to commence an action in either of those counties, and in the single action obtain a judgment for the foreclosure of his mortgage upon the property in both counties. (See *Murphy* v. *Superior Court,* 138 Cal. 69, and cases there cited.) Having acquired this jurisdiction, the court could not lose it by reason of any error which it might commit in the course of the trial, or by any erroneous judgment which it might render, and which, after ascertaining the error, it caused to be vacated.

6. The statute of limitations is not available to the appellant. The action was commenced in 1893, within four years after the maturity of the note of Williams, and the amendment of the complaint in 1897 did not introduce a new cause of action, but merely added a prayer for additional relief upon the cause of action set forth in the original complaint, which the court, under section 580 of the Code of Civil Procedure, would have been authorized to grant without such amendment. (See *Zellerbach* v. *Allenberg,* 99 Cal. 57.) The fact that upon the first appeal counsel for the plaintiffs erroneously claimed before this court that the action was brought only for the foreclosure of their lien upon the Fresno property did not estop them from afterwards claiming, in accordance with the opinion of this court, the right in the same action and upon the original complaint to foreclose their lien upon both properties.

7. The appeal from the order refusing to vacate the judgment does not present any facts for the consideration of the court other than those which are presented upon the appeal from the judgment itself; and the rule is well established that an order refusing to vacate a prior order or judgment from which an appeal may be taken is not appealable unless there is a record which presents matters for consideration that could not be presented upon the appeal from the original order or judgment. (*Goyhinech* v. *Goyhinech,* 80 Cal. 409; *Harper* v. *Hildreth,* 99 Cal. 205; *Alpers* v. *Bliss,* 145 Cal. 565.)

8. The appeal from the order denying a new trial cannot be considered. The appellant in its notice of intention to make such motion stated that it would be made upon the minutes of the court. Section 661 of the Code of Civil Procedure provides that when a motion for a new trial is made upon the minutes of the court a statement shall be subsequently prepared and settled, which shall contain "the grounds argued" before the court for a new trial, and only those grounds with so much of the evidence or other matter as may be necessary to explain them. The transcript herein contains a document purporting to be such statement, which is signed by the attorneys and filed with the clerk, but does not appear to have been settled or authenticated by the judge, and does not contain any specifications of error or purport to show what grounds were argued before the court on the

motion for a new trial. For these reasons the order denying a new trial is not subject to review. (*Leonard* v. *Shaw*, 114 Cal. 69; *Sprigg* v. *Barber*, 122 Cal. 573.)

The appeals from the order refusing to vacate the judgment and from the order denying a new trial are dismissed.

The judgment is affirmed.