[Civ. No. 886. First Appellate District—December 21, 1911.]

## J. SHERMAN WOOLF, Respondent, v. MARY H. CLARKE, Appellant.

ACTION UPON NOTE BY ASSIGNEE OF PLEDGEE—PLEA OF WANT OF CONSIDERATION—BONA FIDE PLEDGE—MISTAKE IN INTEREST—CORRECTION BY PLAINTIFF.—In an action upon a note by an assignee of a pledgee thereof from the payee before maturity, which the pledgee took without notice of an alleged want of consideration pleaded by the maker as against the payee, it is held that the maker made little or no proof in support of such plea, and that the mere fact that the note purported to bear interest at the rate of six per cent per month instead of per annum was not of itself sufficient to charge the pledgee with notice of any equities, where it is shown that the payee understood and believed that the note bore six per cent per annum, and the plaintiff in his complaint alleged that it was so intended, and took judgment at the rate of only six per cent per annum.

ID.—DUTY OF PLEDGEE TO PLEDGOR TO ENFORCE NOTE — RIGHTS OF MAKER NOT INVOLVED.—It was the duty of the pledgee, as against the pledgor, to hold and collect the note when due, and yield to the pledgor any surplus proceeds of collection over and above the amount of the pledge. He had no right, as to him, to sell the note; and doubtless an unauthorized sale would constitute, as to the pledgor, a conversion of the instrument. But section 3006 of the Civil Code, so providing, was designed for the benefit of the pledgor; and the maker of the note, whose rights were in no way prejudiced by the action of the assignee of the pledgee, cannot be heard to complain of such action or of the judgment rendered therein.

APPEAL from a judgment of the Superior Court of Monterey County.   B. N. Sargent, Judge.

The facts are stated in the opinion of the court.

Alexander & O'Donnell, D. E. Alexander, and John O'Donnell, for Appellant.

Wm. Sandholdt, Jr., for Respondent.

KERRIGAN, J.—This is an appeal from a judgment against defendant, taken within sixty days from its entry, in an action upon a promissory note.   Plaintiff recovered judgment, and the appeal is by defendant.

In substance the following are the facts: On the seventh day of November, 1906, the defendant gave her promissory note to C. F. Necklaus for $1,000, payable sixty days after date, with interest at the rate of six per cent per month from maturity until paid.   Subsequently, on January 5, 1907, C. F. Necklaus duly indorsed this note and transferred it to the First National Bank of Monterey as collateral security for a loan to him.   Several months after so receiving this note the bank sold, assigned and transferred it to the plaintiff.   Thereafter, the note being unpaid and long overdue, said plaintiff commenced this action to recover the amount of the note and the interest due thereon.

The complaint alleges, among other things, that the clause in said note reading "six per cent per month" was intended to read six per cent per annum.

After answer and trial, judgment went for plaintiff for $1,000, and interest at the rate of six per cent per annum, amounting in all to $1,202.83.

Defendant contends in support of her appeal that there was no consideration for the note, and that the bank having taken it just before its maturity, and with the circumstance that on its face it bore interest at the rate of six per cent per month, must be held to have been put upon inquiry as to the execution of the note.

As to this point the defendant made little or no effort in the court below to show that any equities affecting the obligation existed between herself and the payee of the note.   More-

over, we are satisfied that nothing attending the transfer of the note to the Bank of Monterey was sufficient to put it upon inquiry as to any defect in the binding obligation of the note arising from such equities. Its mere acceptance just before maturity, and the circumstance that it provided in terms for interest at the rate of six per cent per month, were insufficient for that purpose, in view of the testimony of the witness Metz, who acted for the bank in the transaction, that it had escaped his notice that the note in fact bore such rate of interest, and that he knew nothing about it until the day of the trial; that he had at all times theretofore supposed the rate of interest to be six per cent per annum. The court upon the evidence took the plaintiff's view of the case, and we must therefore, according to a familiar rule, conclude with the trial court that the bank received the note as pledgee in due course, before maturity, for value and without notice, actual or constructive, of any equities that may have existed between the defendant and C. F. Necklaus, the payee.

Defendant finally contends that as the note was transferred to the bank as a pledge to secure the repayment to it of a loan, the bank had no right to sell the note, but was bound to hold and collect the same when it became due. This is true. (Civ. Code, sec. 3006; 31 Cyc. 839; Jones on Pledges, etc., 2d ed., sec. 95; *Union Trust Co.* v. *Rigdon,* 93 Ill. 458, 466.) And doubtless an unauthorized sale would constitute as to the pledgor a conversion of the instrument. But section 3006 was designed for the benefit of the pledgor (*McArthur* v. *Magee,* 114 Cal. 129, [45 Pac. 1068]), and the maker of the note not being shown to be in any way prejudiced by the transfer and sale of the note cannot be heard to complain.

The judgment is affirmed.

Hall, J., and Lennon, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 19, 1912.