[Civ. No. 5725.   Fourth Dist.   Nov. 27, 1957.]

A. W. APPEL, Respondent, v. CAROLINE E. HUBBARD
et al., Appellants.

Wolver & Wolver for Appellants.

Chapman & Sprague for Respondent.

GRIFFIN, J.—One Harrison was arrested and was required to post bail in the sum of $5,000 by the Superior Court of Los Angeles County. It is alleged in plaintiff's complaint that a surety bond was there posted by Continental Casualty Company on behalf of defendant Harrison, upon the request of defendants and appellants herein, namely, Richard Bradford Harrison, Caroline E. Hubbard, Burton F. Hubbard, Adolph Stockly and Mary F. Stockly, in consideration of their promise in writing to indemnify and to save harmless the surety from any liability. After defendant Harrison was released on bail he failed to appear at the time required and the bail was forfeited. The amount was paid by the surety company.

The agreement, as pleaded and which was signed by defendants on June 4, 1956, in Los Angeles County, provides in part that in case of declaration of forfeiture, they would pay to

the surety company the penal amount. In signing, defendants, the Stocklys and the Hubbards, gave their address as Pomona, California, and in connection therewith rendered financial statements. The Hubbards signed a deed of trust in said amount on their real property located in Pomona, Los Angeles County, and the Stocklys gave one on their real property located in Fontana, San Bernardino County, to secure the payment to the beneficiary for any liability suffered by it. Plaintiff A. W. Appel, as beneficiary under the deed of trust and as attorney in fact for the surety company, gave notice to them of the forfeiture of the bond and payment of the amount by the surety company, and declared the default. It is then alleged that demand was made for payment of said $5,000 under the original agreement above mentioned; that the Los Angeles property had been sold to the state for taxes; that no other proceedings had been had, at law or otherwise, for the recovery of said money; that plaintiff brought this action to enforce the provisions of the bail bond agreement; that defendants refused to indemnify plaintiff according to the agreement for the loss suffered by the company; and that said agreement has been assigned by the surety company to plaintiff Appel. The prayer is to recover from defendants $5,000 on said indemnity agreement plus attorneys' fees and costs, and that said sum be declared a lien on said real property; that each defendant be foreclosed of all equity of redemption or other interest in said real property or any part thereof; that the real property be sold and the proceeds be applied to the payment of said amount; that the court direct the manner of sale; and that plaintiff have judgment and execution against defendants for any deficiency.

The motions for change of venue to Los Angeles County were predicated upon the ground that the county in which the action was commenced was not the proper county because the named defendants, at the time, were not residents of San Bernardino County, but were residents of Los Angeles County. Affidavits indicating this fact were filed therewith. In conjunction therewith there was also filed demurrers to the complaint which questioned the jurisdiction of the court and attacking the allegations of the complaint in general. Motions to strike portions of the complaint in reference to the deeds of trust and the property which secured them were filed. The motions to strike and to change venue were denied. The appeal

is from the orders denying the motions to change venue. The record is predicated upon the clerk's transcript.

It is plaintiff's claim, in support of the orders: (1) That there can be but one cause of action for the recovery of any debt secured by a mortgage on real property and that is by foreclosure of the security, and where the debt is secured by two or more separate and distinct mortgages, all must be foreclosed in the one cause of action, citing such authority as section 726 of the Code of Civil Procedure; *Brown* v. *Jensen*, 41 Cal.2d 193, 195 [259 P.2d 425]; *Stockton Sav. & Loan Soc.* v. *Harrold*, 127 Cal. 612, 616 [60 P. 165]; *Stark* v. *Coker*, 20 Cal.2d 839, 845 [129 P.2d 390]; and *McArthur* v. *Magee*, 114 Cal. 126 [45 P. 1068]. (2) That where separate mortgages or trust deeds covering properties in two or more counties are given to secure one debt, or obligation, the creditor must include all properties on which there is a lien to secure the debt in one action or he waives the lien as to the property not included, and such action may be commenced in any county in which any of the property so included is situated. (3) That an action to foreclose a lien on real property is local in nature and must be commenced in the county in which the real property or some part thereof, which is the subject of the action, is situated, citing such authority as section 392 of the Code of Civil Procedure; article VI, section 5, California Constitution; *Murphy* v. *Superior Court*, 138 Cal. 69, 71 [70 P. 1070]; and *Kent* v. *Williams*, 146 Cal. 3, 10 [79 P. 527].

Defendants claim (1) That the two deeds of trust here involved cannot be construed as one and the same instrument but rather, in law, are separate and distinct, and that where a joint debt is secured by each of the debtors thereto by separate and distinct deeds of trust upon the real property of each such debtor, such real property being situated in different counties, a plaintiff cannot properly seek to foreclose such deeds of trust by the instigation of one cause of action, citing such authority as 59 Corpus Juris Secundum page 209, section 158; *McDonald* v. *Second Nat. Bank of Nashua*, 106 Iowa 517 [76 N.W. 1011]; *Tacoma Sav. Bank & Trust Co.* v. *Safety Inv. Co.*, 123 Wash. 481 [212 P. 726]; *Merced Security Sav. Bank* v. *Casaccia*, 103 Cal. 641 [37 P. 648]; *McArthur* v. *Magee*, 114 Cal. 126 [45 P. 1068]; and section 392, Code of Civil Procedure. (2) That the right to foreclose in one action separate mortgages or trust deeds covering properties

in two or more counties given by the same parties does not entitle foreclosure in one action upon separate mortgages or trust deeds covering properties in two or more counties when each is given by separate parties; (3) That the relief herein sought is essentially for breach of contract rather than for the foreclosure of deeds of trust; that plaintiff cannot join in one action a cause of action for breach of contract and the foreclosure of two separate deeds of trust securing the same where neither the real property involved in one such deed of trust, the residences of all of the defendants, and the place of making, execution, and performance of such contract are not within the county wherein such action was commenced, citing 34 California Jurisprudence 2d, pages 182-183, section 502; article VI, section 5 California Constitution; section 392, Code of Civil Procedure. (4) That where real property or the title thereto is not the exclusive subject of such action, then in such event the subject of said action is not "local" but rather is deemed to be "transitory," citing *Turlock Theatre Co.* v. *Laws,* 12 Cal.2d 573 [86 P.2d 345, 120 A.L.R. 786]; *Neet* v. *Holmes,* 19 Cal.2d 605 [122 P.2d 557]; and *O'Gorman* v. *Wachter,* 71 Cal.App. 266 [235 P. 57]. (5) That where a plaintiff unites in one complaint matters which form the subject of a personal action with matters which form the subject of a local action then in such event said cause of action is not controlled by the provisions of the Code of Civil Procedure, section 392, citing *White* v. *Adler,* 5 Cal. Unrep. 215, 218 [42 P. 1070]. (6) That if the judgment sought to be obtained can be satisfied in money, then in such event the cause of action is transitory and not local, citing *Hardy* v. *White,* 130 Cal.App.2d 550 [279 P.2d 126]. And (7) That where a complaint contains both local and transitory causes of action, a defendant may have the entire action transferred to the county of his or her residence, citing *Turlock Theatre Co.* v. *Laws, supra.*

At the outset, it must be conceded, had it not been for the allegation that the real property involved in the one trust deed attempted to be foreclosed was located in San Bernardino County, the order retaining jurisdiction in that county would be unauthorized under the undisputed facts. (Code Civ. Proc., §§ 392-395; *O'Gorman* v. *Wachter, supra*; *Turlock Theatre Co.* v. *Laws, supra;* Cal. Const., art. VI, § 5.)

Defendants concede that there is adequate authority to the effect that "a right exists to maintain a single suit to foreclose separate mortgages, the same having been executed by

and between the *same parties*, securing the same debt or portion thereof, upon real property in different counties." (Citing 110 A.L.R. 1477.) However, they do claim there is some authority to the contrary, citing *McDonald* v. *Second Nat. Bank of Nashua, supra; Tacoma Sav. Bank & Trust Co.* v. *Safety Inv. Co., supra.* Their main claim in the instant action is that the deeds of trust were not executed by the *same parties* and do not come within this rule. It appears that the California courts have held in accordance with the concession. (*Kent* v. *Williams, supra; Murphy* v. *Superior Court, supra.*)

Section 726 of the Code of Civil Procedure provides: "There can be but one form of action for the recovery of any debt, or the enforcement of any right secured by mortgage upon real or personal property, . . . . In such action the court may, by its judgment, direct the sale of the encumbered property . . ." In interpreting that section, the courts have consistently held that there can be but one action for the recovery of a debt secured by trust deeds, which is to foreclose the trust deeds. (*Brown* v. *Jensen*, 41 Cal.2d 193, 195 [259 P.2d 425] ; *Kent* v. *Williams, supra.*) In *Stockton Sav. & Loan Soc.* v. *Harrold*, 127 Cal. 612, at 616 [60 P. 165], it is said:

"By the law of this state one who proceeds for the recovery of a debt secured by mortgage is required to exhaust the security *in one action* for the foreclosure of the mortgage . . . (italics ours) and it has been held, pursuant to the policy declared by the statute, that when the same debt is secured by two distinct mortgages the foreclosure of but one of these has the effect to waive and nullify the lien of the other."

It therefore appears to us that where the parties became jointly and severally liable for a debt, *in one instrument*, and said debt is secured by separate mortgages or trust deeds, executed by different obligors, even though the real property involved is located in two separate counties, and where the real property or any part of it is situated in one county, an action on the original obligation setting up these facts and the nature of the security sought to be foreclosed is properly brought in the county where the real property which is the subject of the action, or some part thereof, is situated.

Orders affirmed.

Barnard, P. J., and Mussell, J., concurred.