[Civ. No. 32645. First Dist., Div. Four. Feb. 21, 1974.]

BANK OF CALIFORNIA, Plaintiff and Respondent, v.
ANTHONY J. LEONE, SR., et al., Defendants and Appellants.

## COUNSEL

James S. Green for Defendants and Appellants.

Galligan, Thrasher, Branson & FitzGerald and Dermot J. FitzGerald for Plaintiff and Respondent.

## OPINION

**CHRISTIAN, J.**—Defendants (members of the Leone family doing business as "Sherbo Distributing Company") appeal from a judgment establishing their indebtedness to respondent The Bank of California National Association on three promissory notes executed by Anthony J. Leone, Sr. Two of the notes were executed in September 1968 and the third in October 1969.

The proceeds of the first two notes, each in the amount of $4,933.92,

were credited to the Sherbo Distributing Company. As security the bank took assignments from Leone of the lessor's interest in the leases of two vending machines. The machines continued under lease to Purity Stores, but monthly rentals were collected by respondent bank. Respondent filed financing statements with the Secretary of State under provisions of the Uniform Commercial Code (see Cal.U. Com. Code, § 9401 et seq.).

Respondent received monthly payments from Purity Stores until February 1970, when Purity Stores indicated it would make no more payments. Respondent then attempted to take possession of the machines in order to exercise its security interest, but the machines could not be found. Several similar machines were in use at the stores, but examination of the serial numbers established that they were not the same machines as had been identified in the financing statements. There was evidence that machines were frequently replaced as they broke down. Respondent had not been advised or consented to any substitutions. Respondent thereupon brought suit to recover under the two notes.

Meanwhile, on December 19, 1968, Leone gave the bank an unsecured note for $13,500 due on March 19, 1969. After the note had matured, Leone assigned to the bank as collateral security, to induce forbearance in the collection of the note, a $17,600 note executed by Jack P. Shaffer and payable to Leone. The Shaffer note was secured by a fourth deed of trust on land owned by Shaffer in Solano County. Leone also executed a "General Security Agreement" permitting the bank to protect its interests by making extension agreements with respect to the collateral.

In October 1969, Leone executed a successor note in which he promised to pay respondent $13,000 principal on November 28, 1969. The proceeds of that note, in addition to other money paid by Leone, were used to pay the principal and interest due on the $13,500 note held by respondent. Respondent retained the Shaffer note and deed of trust as collateral. Leone defaulted; respondent agreed to extensions in the Shaffer note and participated in refinancing some senior obligations in order to improve the position of the Shaffer-Leone note and fourth deed of trust which had been assigned to respondent as collateral. Respondent later brought this suit to collect Leone's $13,000 note without first seeking recourse against the collateral.

■ Appellants, citing Code of Civil Procedure section 726, claim that respondent did not make an adequate attempt to repossess the vending machines and that it is consequently estopped from recovering on the two notes secured by the machines. The two notes executed by Leone in September 1968 are governed by division 9 of the Commercial Code because

the notes were secured upon the Leones' interest as lessors of the vending machines. Section 9501, subdivision (1), of the Commercial Code provides that a creditor, upon default in a debt secured by a security agreement, "may reduce his claim to judgment, foreclose or otherwise enforce the security interest by any available judicial procedure." Thus a creditor may elect to sue on a secured debt without resorting to the security. (Cal. Commercial Law: III (Cont.Ed.Bar 1966) Default, §§ 6.5-6.11, pp. 281-286.) Since 1965, section 726 of the Code of Civil Procedure has not required foreclosure before suit on a debt secured on personal property; consequently, a secured party need not exhaust his collateral to obtain a personal judgment. (*Id.,* § 6.12, p. 286.) Respondent was not required to repossess the vending machines before suing on the two notes which were covered by financing statements.

Moreover, respondent did reasonably try to repossess the machines. An employee of respondent went to Purity Stores to look for them, and found only machines bearing serial numbers different from the numbers of the machines covered by the financing statements. Respondent inquired further and was advised that the missing machines had probably been replaced because of age or breakdown.

▇ Appellants contend that as to the $13,000 note secured by the Schaffer-Leone note and fourth deed of trust respondent was a creditor of a debt secured by a mortgage on real property. It is asserted that respondent therefore cannot recover a personal judgment without first resorting to the Shaffer deed of trust pursuant to the "one form of action" rule established by section 726 of the Code of Civil Procedure.

Respondent correctly points out that in an action brought by a creditor section 726 is an affirmative defense which must be pleaded (*Spector* v. *National Pictures Corp.* (1962) 201 Cal.App.2d 217, 225-226 [20 Cal. Rptr. 307]); appellants failed to raise the defense in their answer. But the defense was raised in appellants' pretrial conference statement and was litigated at trial. Therefore, the applicability of section 726 is an issue to be examined in this appeal. (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 281, pp. 4269-4271.)

Section 726 of the Code of Civil Procedure provides in part: "There can be but one form of action for the recovery of any debt, or the enforcement of any right secured by mortgage upon real property, which action [foreclosure] must be in accordance with the provisions of this chapter." For the purposes of this statute, a deed of trust is treated as a mortgage. (*Appel* v. *Hubbard* (1957) 155 Cal.App.2d 639, 643 [318 P.2d 164].)

To secure his $13,000 note to the bank Leone deposited, as collateral, the note which he had received from Shaffer. The latter note, in turn, was secured by a fourth deed of trust on realty. This transaction would not be governed by section 726 unless and until respondent succeeded to Leone's equity and undertook to recover from Shaffer. Until such had occurred respondent possessed a note secured by an instrument (the Shaffer-Leone note). Congruently, it is provided by Commercial Code section 9102, subdivision (3), that "[t]he application of this division to a security interest in a secured obligation is not affected by the fact that the obligation is itself secured by transaction or interest to which this division does not apply."

The reporter's comment to the Uniform Commercial Code explains the application of section 9102, subdivision (3): "The owner of Blackacre borrows $10,000 from his neighbor, and secures his note by a mortgage on Blackacre. This Article is not applicable to the creation of the real estate mortgage. Nor is it applicable to a sale of the note by the mortgagee, even though the mortgage continues to secure the note. However, when the mortgagee pledges the note to secure his own obligation to X, this Article applies to the security interest thus created, which is a security interest in an instrument even though the instrument is secured by a real estate mortgage." (West's Com. Code Ann., § 9102 [1974 Supp., comment 4, p. 23]; also see Cal. Commercial Law: III (Cont.Ed.Bar 1966) § 1.23, pp. 18-19.) Therefore, Leone's note to respondent is not considered to be a debt "secured by mortgage upon real property" that is governed by section 726 of the Code of Civil Procedure. It was proper to give judgment on the note without requiring respondent first to exercise its rights as holder of the collateral and foreclose the Shaffer trust deed.

This conclusion is consistent with the Supreme Court's determination, in *Walker* v. *Community Bank* (1974) 10 Cal.3d 729 [111 Cal.Rptr. 897, 518 P.2d 329], that Code of Civil Procedure section 726 requires first recourse to a mortgage on realty by a creditor who also holds a security interest on personal property under terms of the Uniform Commercial Code. In the present case, unlike in *Walker,* both notes were primary obligations of the debtor.

The judgment is affirmed.

Caldecott, P. J., and Rattigan, J., concurred.