72  321
113  276

[No. 9640.   Department Two.— May 20, 1887.]

## T. Z. BLAKEMAN, APPELLANT, v. PUGET SOUND IRON COMPANY, RESPONDENT.

EXECUTION SALE.— DEFECT IN TITLE OF DEBTOR — PURCHASER WITH NOTICE. — A purchaser at an execution sale of shares of stock in a corporation, having notice that the execution debtor is not the owner thereof, acquires no better title thereto than was possessed by the latter.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*T. Z. Blakeman*, for Appellant.

*John C. Hall*, for Respondent.

FOOTE, C.— Blakeman instituted this action for the purpose of compelling the corporation defendant to transfer to him two thousand five hundred shares of its capital stock, of which he claimed to have become the owner by reason of his purchase thereof at sheriff's sale under execution against one C. H. Simpkins.   The court found that the latter was the owner of five shares of the stock in controversy, and gave judgment that the same be transferred to the plaintiff, as prayed for in the complaint.   From that and the order denying him a new trial he has appealed.   From the record it appears that the plaintiff purchased the whole of the stock he claims at sheriff's sale, under execution, as the property of C. H. Simpkins, and paid therefor the sum of three

LXXII. CAL.—21

dollars; that Simpkins was not the owner of the stock then being offered for sale, except five shares thereof, and that the plaintiff had full notice of such facts. Blakeman was, therefore, a purchaser at such sale, with full notice of the defects in Simpkins's title to the property sold, and could not and did not acquire any better title thereto than was possessed by Simpkins, and under such circumstances can have no just ground of complaint against the judgment and order made and entered by the court below, which should be affirmed.

BELCHER, C. C., and SEARLS, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.