[L. A. No. 428.    Department Two.—October 13, 1898.]

IDA LATTA, Respondent, v. GEORGE M. TUTTON, Appellant.

FORECLOSURE OF MORTGAGE—PUBLICATION OF SUMMONS—VOID JUDGMENT FOR DEFICIENCY.—A personal judgment for the deficiency rendered in an action to foreclose a mortgage against defendants who reside out of the state, and upon whom service of the summons has been made by publication, is void, and no valid sale can be made under an execution issued thereon.

ID.—PRESUMPTION AS TO JURISDICTIONAL FACTS.—The presumption which the law implies in support of the judgments of courts of general jurisdiction only arises where the record is silent, and cannot apply where it is not silent.

ID.—PROOF OF SERVICE OF SUMMONS—RECITAL IN JUDGMENT—INSPECTION OF JUDGMENT-ROLL.—A recital in the judgment as to due service of the summons may apply as well to service by publication as to personal service, and must be presumed to refer to such service as the record affirmatively discloses; and where an inspection of the judgment-roll shows that the summons was served upon nonresidents of the state by publication, a personal judgment against them appears to be void upon its face.

ID.—PLEDGE TO MORTGAGEE—VOID SALE—RIGHTS OF PLEDGOR.—A sale under execution upon the void judgment for deficiency, of bonds held by the mortgagee by way of pledge, as collateral security for the mortgage debt, can confer no title; and upon purchase thereof by the mortgagee, the pledgor may tender to him the residue of the mortgage debt, and demand a return of the bonds.

ID.—TENDER—AMOUNT OF DEFICIENCY JUDGMENT—WAIVER OF OBJECTION —EXTINCTION OF LIEN.—The tender by the pledgor to the pledgee of

the amount of the deficiency judgment, with legal interest from
its date, the mortgage having borne a greater rate, if the
amount tendered was not objected to, must be deemed to have
been of the full amount due, and operated to extinguish the lien
of the pledge, even though the tender in fact was less than
the amount due the pledgee.

ID.—ABANDONMENT OF LIEN—SURRENDER OF PLEDGE TO SHERIFF—TENDER
UNNECESSARY.—The lien of the pledge was dependent upon posses-
sion by the pledgee; and when he surrendered the possession of
the pledged property to the sheriff that he might purchase it
under execution, his lien was abandoned and lost, though the
sheriff's sale was void. His subsequent possession must be
deemed to have been acquired under the sheriff's sale, and to be
unlawful, and he cannot be allowed to fall back upon his origi-
nal claim of lien. That lien having been lost, no tender was
necessary.

CLAIM AND DELIVERY—PLEDGED PROPERTY—DEMAND—ADMISSION OF
PLEADINGS—CLAIM OF OWNERSHIP.—The sufficiency of an alleged
demand by a pledgee for the return of pledged property, before
instituting an action of claim and delivery therefor, is not in
question, when admitted by failure to deny it; and if the defend-
ant claims ownership thereof in his answer, no demand was
necessary.

ID.—STATUTE OF LIMITATIONS.—An action of claim and delivery brought
within three years after a claim of title to the pledged property
was made by the pledgee, and after a tender and demand for
its return, is not barred by the statute of limitations.

APPEAL from a judgment of the Superior Court of San
Diego County and from an order denying a new trial. J. W.
Hughes, Judge.

The mortgage note referred to in the opinion, bore interest
at the rate of eleven per cent per annum, payable semi-annually.
Further facts are stated in the opinion.

Parrish & Mossholder, and Puterbaugh & Puterbaugh, for
Appellant.

Gibson & Titus, J. C. Hizar, and Mills & Hizar, for Respond-
ent.

CHIPMAN, C.—Claim and delivery of certain five bonds of
the Linda Vista Irrigation District of the value of five hundred
dollars each. Defendant denies the ownership of plaintiff and
claims ownership in himself, and sets up the statute of limita-

tions.  The pleadings are verified.  The trial was by the court, and the findings of fact are:  That plaintiff was the owner of the property on November 12, 1892, and ever since has been such owner as her separate property; that on the day last named W. C. Latta, husband of plaintiff, delivered the property to defendant as a pledge, with the knowledge and consent of plaintiff, as part of the security for a loan of two thousand five hundred dollars, evidenced by a note executed by plaintiff and her husband, due three years after date, secured by mortgage on certain real estate; that defendant foreclosed said mortgage upon said real estate, and it was sold thereunder, leaving a deficiency of five hundred and twenty-three dollars and twenty-eight cents; that plaintiff, at the city of San Diego, on January 7, 1897, prior to the commencement of this suit, offered in writing to pay defendant said sum, with legal interest, the amount she claimed to be due defendant on said indebtedness, and demanded possession of said bonds; that defendant made no objection to the amount of the offer in anywise, or at all, and refused to accept said offer or deliver the property; that defendant received such pledge in good faith, in the ordinary course of business, and for value, and without any knowledge that plaintiff owned or claimed said bonds, and believing that her said husband was the owner thereof; that the agreement of pledge was not in writing, and by its terms was not to be performed within one year from the making thereof; that the cause of action is not barred; that defendant on September 29, 1894, claimed to be the owner of said bonds, and has since claimed ownership of them, "but defendant [should be plaintiff] had no knowledge of said claim until said demand was made."

As conclusions of law from the facts and from the admissions of the pleadings the court found the plaintiff to be the owner of the property and entitled to its possession or value thereof, and that the cause of action is not barred, and gave judgment accordingly.  The appeal is from the judgment and from the order denying motion for new trial, and comes here on bill of exceptions.

1. Defendant claims title by virtue of a levy of execution on his deficiency judgment and sale thereunder to him of October 20, 1894.  The validity of this purchase is drawn in question

and arises on the judgment in the foreclosure proceedings. The only service on the defendants in that action shown by the record was by publication of summons, and this appears from the judgment-roll. The judgment was by default, and contains the following recital: "It appearing to the satisfaction of the court that said defendants, W. C. Latta, Ida B. Latta, and James F. Brooks, have, and each of them has, been regularly and duly summoned to answer unto the plaintiff's complaint herein, and said defendants have, and each of them has, made default in that behalf, and that the default of each of said defendants for not appearing and answering unto plaintiff's complaint has been duly made and regularly entered herein," et cetera.

We are asked to presume personal service from the recitals found in the judgment alone, although the judgment-roll shows what service was in fact made, and that it was made by publication. The presumption which the law implies in support of judgments of courts of general jurisdiction only arises with respect to jurisdictional facts concerning which the record is silent. (*Galpin v. Page*, 18 Wall. 350.) Here the record is not silent. The recital in the judgment applied as well to service by publication as to personal service, and the recital must be presumed to refer to such service as the record affirmatively discloses. (*Belcher v. Chambers*, 53 Cal. 635.) A judgment void upon its face is one that appears to be void by an inspection of the judgment-roll. (*People v. Harrison*, 84 Cal. 607; *Jacks v. Baldez*, 97 Cal. 91; *Whitney v. Daggett*, 108 Cal. 232.) The deficiency judgment was void. (*Anderson v. Goff*, 72 Cal. 65; 1 Am. St. Rep. 34; *Blumberg v. Birch*, 99 Cal. 416; 37 Am. St. Rep. 67.)

2. Much attention is given by counsel to the question whether there was a sufficient tender to and demand made upon defendant by plaintiff before the action was brought. Plaintiff alleged a demand and refusal to surrender possession, and that at the time of the demand "plaintiff offered to pay defendant the sum of five hundred and twenty-three dollars and twenty-eight cents, with interest thereon from September 29, 1894, at seven per cent per annum; that defendant refused to accept said offer and refused to deliver said property to plaintiff, and claimed to be the owner thereof." This is admitted by failure to deny. De-

fendant sets up a pledge to himself of the property and alleges ownership of it since November 12, 1892, the date of the pledge. The only evidence of ownership in defendant is his purchase from the sheriff under the void deficiency judgment, to accomplish which he surrendered possession of the bonds to the sheriff in order that the execution might be levied and the sale made, and at the sale he became the purchaser. When the tender was made to him he made no objection to the amount. The effect of the tender was to release the bonds from any further claim of defendant by reason of his lien. (*Haile v. Smith*, 113 Cal. 656.)

We think that when a tender is made to a pledgee, and he makes no objection to the amount, but does not surrender the pledge nor accept the tender, the result is to extinguish the lien and amounts to a wrongful conversion, even though the tender in fact is less than the amount that may be due the pledgee. It is his duty to make known his objections, and, failing to do so, the tender must be deemed to have been the full amount due, and his refusal to surrender the property is a wrongful conversion. (*Loughborough v. McNevin*, 74 Cal. 250; 5 Am. St. Rep. 435; citing Civ. Code, sec. 2910; Jones on Pledges, sec. 543.)

Whether the demand was sufficient need not be decided, for, being admitted by failure to deny and defendant claiming ownership in himself by his answer, no demand was necessary. (Cobbey on Replevin, sec. 447 et seq.; Wells on Replevin, sec. 374; *Jones v. Spears*, 47 Cal. 20.)

Defendant's original possession as lienor was lawful and was dependent upon possession (Civ. Code, sec. 2988); but when he surrendered that possession and became a purchaser under a void sale he no longer could be said to be in the lawful possession, nor that he came into possession lawfully. He was thenceforward in the position of any purchaser without right under void sheriff's sale, and having lost his lien, no tender was necessary; it is therefore immaterial whether the tender was good or not. It was held in *Wingard v. Banning*, 39 Cal. 543, that if a common carrier sues out and procures to be levied a writ of attachment against property on which he has a lien for freight, he thereby abandons and forfeits his lien. No more do we think a pledgee can surrender the pledge to be sold on an execution and afterward be allowed to fall back on his original

claim of lien in the event his purchase at sheriff's sale proves abortive. (Jones on Pledges, secs. 328-30.) It was so held in *Jacobs v. Latour*, 5 Bing. 130, and that the subsequent possession must have been acquired under the sale. (Jones on Pledges, sec. 1014.)

3. The action was not barred by the statute of limitations. The court found that defendant claimed ownership September 29, 1894, and has ever since, but that plaintiff had no knowledge of such claim. The sheriff's sale of the bonds was October 20, 1894. The tender and demand were made shortly before complaint was filed. In any case the action was in time. (Code Civ. Proc., sec. 338, subd. 3.)

We discover no error and therefore recommend that the judgment and order be affirmed.

Haynes, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Temple, J., McFarland, J., Henshaw, J.