[Civ. No. 1788. Second Appellate District.—November 6, 1916.]

## C. E. GAULT, Appellant, v. J. D. WIENS et al., Respondents.

PLEDGE—SURRENDER FOR SALE ON EXECUTION—LOSS OF LIEN.—Where certain promissory notes of third parties are deposited with a bank as collateral security for the payment of a note of the pledgor to the bank, and the bank thereafter makes a surrender of the pledged notes for the purpose of having them sold on execution to satisfy a judgment obtained against the pledgor on his note, the lien of the pledgee on such notes is thereby lost.

ID.—STATUS OF PURCHASER.—The purchaser of such notes at the execution sale acquires only the right, title, and interest of the pledgor therein, and takes the same subject to all equities which might have been pleaded in an action thereon brought by such pledgor.

ID.—SALE OF NOTES—VIOLATION OF DUTY BY PLEDGEE—PURCHASER AT SALE NOT INJURED.—The purchaser at such a sale cannot complain that the pledgee had no right to sell the notes or do otherwise than collect them at their maturity and apply the proceeds upon the liability of the pledgor, as the provision of section 3006 of the Civil Code prohibiting sales by pledgee is designed for the benefit of the pledgor, who may waive it.

APPEAL from an order of the Superior Court of Orange County granting a new trial. W. H. Thomas, Judge.

The facts are stated in the opinion of the court.

Thomson & Spencer, for Appellant.

Melrose & Ames, and Davis, Kemp & Post, for Respondents.

32 Cal. App.—1    (1)

SHAW, J.—This is an appeal from an order granting defendants' motion for a new trial.

The facts are as follows: About December 10, 1908, defendants executed three promissory notes of five hundred dollars each, payable one year after date to Henry J. Martens, who, on January 9, 1909, indorsed and delivered the same, with other notes amounting in all to thirty-four thousand dollars, to the Bank of Topeka, Topeka, Kansas, as collateral security for the payment of a note of sixteen thousand dollars made by him to said bank, which by its terms matured six months thereafter and which at maturity was renewed for six months. Upon Martens making default in the payment of his renewal note for sixteen thousand dollars, the bank brought suit thereon and secured judgment, upon which it had an execution issued, and caused the sheriff of Shawnee County, Kansas, to levy the same upon the thirty-four thousand dollars in notes so deposited as collateral security, all of which notes, including those made by the defendants and constituting the subject of this action, were by the sheriff, under and by virtue of the levy so caused to be made, sold in September, 1910, for the sum of one hundred dollars to plaintiff, who at the time of commencing this action was the legal owner and holder thereof. The execution and delivery of the notes, negotiable in form, so made by defendants to Martens, were procured by the fraudulent acts and representations of the latter; but the bank took them in the usual course of business as such collateral security, without notice of such facts. As a conclusion of law, the court found that the Bank of Topeka, prior to the commencement of the action, transferred and assigned all of its right, title, and interest in and to said notes to the plaintiff, and that plaintiff acquired all of the right, title, and interest of the Bank of Topeka in and to said notes sued upon; and that plaintiff became the lawful owner and holder of said notes, free from any equities on the part of said defendants against said Martens, in accordance with which conclusion judgment was entered in favor of plaintiff. The motion for new trial was made upon the ground that the evidence was insufficient to justify the decision, and that the decision was against law. The order granting the motion is general.

In the absence of any showing to the contrary, the law of Kansas, where the transaction took place, must be deemed the

same as that of this state. Under section 688 of the Code of Civil Procedure, the interest of Martens (the judgment debtor) in the promissory notes, was subject to seizure and sale under levy of the execution. (*Hoxie* v. *Bryant*, 131 Cal. 85, [63 Pac. 153]; *Davis* v. *Mitchell*, 34 Cal. 81; *Donohoe* v. *Gamble*, 38 Cal. 340, 352, [99 Am. Dec. 399].) Martens was the owner of the notes subject to the lien thereon of the bank as pledgee. Such lien, however, as provided in section 2988 of the Civil Code, was dependent on possession of the notes by the pledgee. In *Jacobs* v. *Latour*, 5 Bing. 130, [130 Eng. Reprint, 1010], it is said (quoting from the syllabus): "A party, who having a lien on goods, causes them to be taken in execution at his own suit, loses his lien thereby." To the same effect is *Latta* v. *Tutton*, 122 Cal. 279, [68 Am. St. Rep. 30, 54 Pac. 844]. In *Wingard* v. *Banning*, 39 Cal. 543, it was held that if a common carrier sues out and procures to be levied a writ of attachment against property on which he has a lien, he thereby abandons and forfeits his lien. When the bank surrendered the pledged notes to be sold upon an execution sued out by it upon the judgment obtained against Martens, it thereby abandoned and forfeited all right and claim to a lien upon the same; so that when plaintiff purchased the property, he purchased only the right, title, and interest of Martens in and to the promissory notes, thus acquiring the same at execution sale after the maturity thereof, and hence took the notes subject to all equities which might have been pleaded in an action thereon brought by the original payee. Since, as found by the court, they were procured by fraud and misrepresentation of Martens, who could not have enforced payment, it must follow that plaintiff is in no better position to enforce payment.

Conceding, as appellant insists, that under section 3006 of the Civil Code the pledgee had no right to sell the notes or do otherwise than collect the same at their maturity and apply the proceeds upon the liability of Martens, for the payment of which they were held as security, nevertheless such provision is designed for the benefit of the pledgor, who may waive it. (*McArthur* v. *Magee*, 114 Cal. 126, [45 Pac. 1068].) In no event is plaintiff, who acquired title to the notes at the execution sale, in position to complain because the bank violated its obligation to Martens.

The order appealed from is affirmed.

Conrey, P. J., and James, J., concurred.