[Civ. No. 3673. First Appellate District, Division One.—April 4, 1921.]

## FRANK P. BACON, Appellant, *v.* TRADERS OIL CORPORATION (a Corporation), Respondent.

[1] CORPORATIONS—TRANSFER OF STOCK—SEPARATE ASSIGNMENT—ENTRY ON BOOKS—COMPLIANCE WITH SECTION 3440 OF CIVIL CODE.— While section 324 of the Civil Code provides that shares of stock of a corporation may be transferred by indorsement and delivery of the certificate, but that such transfer is not valid except as to the parties thereto until entered upon the books of the corporation, a transfer by a separate instrument without such indorsement and delivery of the certificate may be made, and where entered on the books of the corporation there has been a sufficient compliance with the requirements of section 3440 of the Civil Code.

[2] ID.—PURCHASER AT EXECUTION SALE—KNOWLEDGE OF PREVIOUS SALE OF STOCK WITHOUT DELIVERY OF CERTIFICATE.—While one who purchases at execution sale shares of stock of a corporation, standing on the books in the name of the judgment debtor, is entitled to have the certificate of such shares reissued to him as such purchaser, if at the time of the purchase he acts in good faith and without notice that the outstanding certificate has been assigned and that the ownership of the stock has passed to some other person, the rule is inapplicable to a purchaser who has notice at the time of the sale of the fact that the stock has been sold, although without an indorsement and delivery of the certificate.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Wellborn, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. L. Abrahams and P. B. D'Orr for Appellant.

Adams, Adams & Binford for Respondent.

WASTE, P. J.—The plaintiff, claiming to be the owner of three hundred shares of preferred capital stock of the Traders Oil Corporation, defendant in this action, made demand for a transfer of the shares to himself on the books of the company, and that the corporation issue to him a new certificate therefor. The demand was refused, whereupon the plaintiff brought this action for the recovery of damages, alleging the wrongful conversion of the stock by the defendant to its own use. Judgment was entered for the defendant and plaintiff appeals.

The facts are few and are practically agreed upon. Harry Jackins, together with other parties, whose connection with the matter is not material here, indorsed the promissory note of the Leasehold Company, a corporation, which note was delivered to the appellant. Subsequently Jackins became the owner of three hundred shares of the preferred capital stock of the Traders Oil Corporation, his ownership being represented by certificate No. 249. Thereafter Jackins and M. V. McQuigg, for value, executed and delivered to appellant their promissory note for eighteen thousand five hundred dollars. As collateral security for its payment Jackins indorsed, and delivered, to appellant the certificate for the three hundred shares of the stock of the defendant so owned by him. Appellant did not have this transaction noted on the books of the corporation. A few days later, by a separate instrument in writing, and in consideration of McQuigg assuming Jackins' liability on the promissory note for eighteen thousand five hundred dollars, and other consideration, Jackins transferred to McQuigg all his right, title, and interest in and to said stock certificate No. 249, and directed the corporation to transfer the stock to McQuigg, waiving and relinquishing all interest that he had in the stock, and all dividends

arising thereunder. Immediately after the execution and delivery of this agreement to McQuigg, Jackins and Mc-Quigg together went to the office of the Traders Oil Corporation, and orally informed the assistant secretary of the corporation that the ownership of the shares of stock had been transferred to McQuigg. The latter thereupon requested that the proper entries be made on the stock ledger of the corporation, showing the change of ownership of the stock. This request was complied with. An indorsement was entered on the page of the stock ledger containing Jackins' account, which clearly indicated that the shares of stock in question had become the property of McQuigg, and that the dividends thereon·were thereafter to be paid to him.

A short time after this transfer, the note of the Leasehold Company not being paid, appellant brought suit thereon, making Jackins and his co-indorsers on the note parties defendant with the corporation. He procured an attachment to be issued which was served upon the respondent, and under which the sheriff attached all stock, or shares, or interest in any stock or shares in the Traders Oil Corporation belonging to Jackins. Appellant obtained a judgment against the Leasehold Company, Jackins and others. Execution was duly issued and levied upon the stock of the Traders Oil Corporation claimed to belong to Jackins. At the execution sale which followed the appellant bid the sum of fifteen hundred dollars for this stock and received a sheriff's certificate of sale therefor. This he presented to the Traders Oil Corporation with a demand that it issue to him a new certificate representing the shares of stock so purchased, and make the proper entry upon its books, showing the transfer. He did not surrender, nor offer to surrender for cancellation, certificate No. 249, which had theretofore been delivered to him. Upon refusal by respondent to comply with the demand, appellant brought this action.

It was admitted in the court below that the value of the stock was sixteen thousand five hundred dollars; that presentation of the original certificate, No. 249, with the sheriff's certificate, was unnecessary, and would have been futile in so far as influencing respondent to issue the stock to appellant. It was also stipulated that at the time of

the execution sale the appellant had notice of McQuigg's claim that the stock had been sold and transferred to him.

Appellant is not here claiming any rights under the provisions of section 324 of the Civil Code, relating to the transfer of shares of stock in corporations. He admits that when he brought his action against Jackins and the others on the promissory note of the Leasehold Company and procured the attachment to be levied on the shares of stock which Jackins had pledged to him, he waived and abandoned his rights under the pledge. This was un-. doubtedly true. (*Latta* v. *Tutton*, 122 Cal. 279, 283, [68 Am. St. Rep. 30, 54 Pac. 844]; *Claflin Co.* v. *Bretzfelder*, 69 Ark. 271, 279, [62 S. W. 905].) He bases his attack on the judgment upon other grounds. At the time of the sale and transfer of the stock by Jackins to McQuigg, the certificate for the stock was, and remained in the possession of appellant. Consequently it was not delivered by Jackins to McQuigg, or surrendered by the latter to the Traders Oil Corporation for cancellation and reissue. Placing his reliance therefor upon the provisions of section 3440 of the Civil Code, relating to the transfer of personal property other than a thing in action, appellant contends that the sale from Jackins to McQuigg was void as to him, a creditor of Jackins, for the reason that it was not, he claims, accompanied by an immediate delivery and followed by the actual and continued change of possession of the stock transferred.

[1] We do not believe there is merit in this contention. While the shares of stock in the Traders Oil Corporation, acquired and owned by Jackins, were personal property under section 324 of the Civil Code, the certificate of stock was merely written evidence of the ownership thereof. (14 Corpus Juris, p. 478, par. 698; *Craig* v. *Hesperia L. & W. Co.*, 113 Cal. 7, 12, [54 Am. St. Rep. 316, 35 L. R. A. 306, 45 Pac. 10]; *Williams* v. *Ashurst etc. Co.*, 144 Cal. 619, 625, [78 Pac. 28].) Consequently, while the section of the code, *supra*, provides that shares of stock of a corporation may be transferred by indorsement and the delivery of the certificate, but that such transfer is not valid except as to the parties thereto until entered upon the books of the corporation, we find nothing in the section declaring that a transfer, without such indorsement

and delivery of the certificate, may not be made. In fact the accepted doctrine appears to be otherwise. Thompson in his work on Corporations (2d ed., vol. 4, par. 4326) lays down the rule that the correct method of transferring the full legal title of corporation stock is by an assignment, *either by a separate instrument* (italics ours) or by an indorsement on the certificate to the purchaser, duly signed by the holder of such certificate and by the actual registration of the transfer on the books of the corporation, when this is required either by statute or charter or by a valid by-law. "It may be said in a general way," says this author, "that any assignment, by delivery or otherwise, which is finally entered and transferred on the books of the corporation, according to its rules, is a transfer of the legal title. The very purpose of the transfer on the books is to pass the legal title to the transferee." We think the rule thus laid down is in entire accord with the provisions of section 324 of the Civil Code. The execution and delivery of the separate instrument by Jackins to McQuigg in the instant case was as effectual as an assignment of the certificate as if that document itself had been actually indorsed and delivered.

[2] Plaintiff was but a purchaser at an execution sale. While one who purchases at execution sale shares of stock of a corporation, standing on the books in the name of the judgment debtor, is entitled to have the certificate of such shares reissued to him as such purchaser, if at the time of the purchaser he acts in good faith and without notice that the outstanding certificate has been assigned and that the ownership of the stock has passed to some other person (*Security Com. & Sav. Bank etc.* v. *Imperial Water Co.*, 183 Cal. 488, [192 Pac. 22]), that rule has no application here. In the instant case appellant admits that he had notice at the time of the execution sale of the fact that the stock had been transferred by Jackins to McQuigg by a sale which we hold to be valid. He therefore acquired no title to the stock. (*Blakeman* v. *Puget Sound Iron Co.*, 72 Cal. 321, [13 Pac. 872].)

The judgment is affirmed.

Kerrigan, J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 2, 1921, and the following opinion then rendered thereon:

THE COURT.—The application for a hearing in this court after decision by the district court of appeal of the first appellate district, division one, is denied.

We would say, however, that we do not understand the opinion of the district court of appeal as holding that section 3440 of the Civil Code does not apply to a transfer of stock whose ownership is evidenced by stock certificates. We understand the opinion as going upon the fact that the transfer had been made on the books of the corporation and thereby the requirements of section 3440 of the Civil Code had been complied with.

All the Justices concurred.