[Civ. No. 5084. Third Appellate District.—May 10, 1934.]

FRED B. SPRAUL, Appellant, v. GARLIEPP AND MACK (a Copartnership) et al., Defendants; JULIUS FRIED, Respondent.

JULIUS FRIED, Respondent, v. J. FARBSTEIN et al., Defendants; STANDARD PIPE & SUPPLY COMPANY, Appellant.

Raphael Dechter for Appellants.

Frankley & Spray for Respondent.

WEYAND, J., *pro tem.*—By stipulation, the above actions are to be heard and determined in this court upon the record as made in the trial court in the two above cases.

Plaintiff Spraul is the credit manager of the Standard Pipe & Supply Company, and is the assignee of certain claims of the said company against defendant Garliepp and Mack, which account was for oil well and oil drilling machinery and supplies sold to Garliepp and Mack. Julius Fried was originally the holder of a mortgage upon the property involved, and on the twenty-sixth day of October, 1929, by the terms of a bill of sale executed by Garliepp and wife, said oil well and oil drilling machinery were conveyed to said Fried.

The claims of plaintiff Spraul and the Standard Pipe & Supply Company are substantially identical. The action wherein Spraul is plaintiff was an attachment suit against Garliepp and Mack, on an open account claimed to be owing by them to the company named. In this suit Garliepp defaulted, Julius Fried intervened, and in his complaint in intervention made claim to the property attached by virtue of the bill of sale of October 26, 1929.

The action of *Spraul, Plaintiff*, v. *Fried* was tried and a judgment was therein rendered in favor of Fried.

On November 4, 1929, Fried, plaintiff in the second suit, brought an action in replevin for the property involved. In this action judgment likewise went for Fried.

Appeals were taken in the two cases and, as before stated, by stipulation, the two cases were agreed to be presented together.

The principal issue to be decided in this case is the construction to be placed upon the bill of sale under which Fried claims title to the personal property in question.

This bill of sale was from Garliepp and wife to Fried. Certain of the property was in Santa Barbara County and certain of it was stored in the yards of the Standard Pipe & Supply Company, in the city of Los Angeles, reference to

where parts thereof were situated being made. The bill of sale then proceeds as follows:

"Purchaser (Fried) does hereby agree with seller (Garliepp) that seller may use for a period of four months from the date hereof without any charge whatsoever, so much of said equipment as is now on that certain oil and gas lease known as the Donovan Lease, near Guadalupe, California, the same being now used by seller in the drilling of an oil well on said property."

On the side of said bill of sale, next to this above-quoted paragraph, and with inclosure lines and a caret pointing to said paragraph, there appears ·in the handwriting of Garliepp, this wording: "That J. F. Garli. pp shall have full use of all the above mentioned property until his option expires."

Appellant seriously argues that the learned trial court committed prejudicial error in allowing oral testimony to explain the bill of sale, and further contends that the wording "That J. F. Garliepp shall have full use," etc., refers to any and all the property named in the bill of sale. The respondent claims that it refers but to the part of the property on the Donovan lease.

Mr. Garliepp was placed on the stand as a witness and was interrogated as to his purpose in making the indorsement on the side of the bill of sale. He was asked the following question:

"Mr. Garliepp when you wrote that writing on the second page of Plaintiff's Exhibit 3, what did you intend that to refer to?"

An objection was made which included that "the question tended to vary the terms of a written instrument."

This objection was overruled and the witness answered:

"The equipment referred to there was what we were using on the Donovan lease at Guadalupe."

We think that appellant is wrong in this contention. In the first place, it would seem plain that on the face of the bill of sale, when Garliepp made the inclosure marks and the caret, which were directed to the paragraph relating to the property on the Donovan lease, he meant that this indorsement related only to that property. A reasonable inspection of the indorsement would lead to no other conclusion.

Aside from this, if that indorsement is to be given any other interpretation it would in some degree cause an ambiguity in the instrument. If the instrument is ambiguous oral evidence may be given to explain the same.

The objection here involved was made by Spraul and the Standard Pipe & Supply Company, and it is elementary that such an objection can only be made by a party to the instrument, or someone in privity with such party. (Sec. 1856, Code Civ. Proc.) In *Greve* v. *Echo Oil Co.*, 8 Cal. App. 275, at page 279 [96 Pac. 904, 906], speaking of this subject the Appellate Court approved this language: "Where the controversy is between a party to a written contract, and one who is neither a party to it nor a privy to one who is, the rule excluding parol evidence to explain, vary, modify or contradict the writing does not apply. In such case neither the party nor the stranger to the contract is bound by the rule excluding parol evidence. In *Gammon* v. *Ealey*, 97 Cal. App. 542, at page 458 [275 Pac. 1005], point 5 of the Greve case is approved. Many other cases to the same effect appear in the reports.

Appellant further contends that the property in the yards of the Standard Pipe & Supply Company was held by them as a pledge for the bill of the company. No such defense was made by the company. Spraul, the assignee of the company, sued Garliepp in attachment, and filed the usual affidavit disclaiming any lien or security. Having waived the lien, if any it ever had, the company cannot now assert any such claim. (*Wingard* v. *Banning*, 39 Cal. 543; *Latta* v. *Tutton*, 122 Cal. 282 [54 Pac. 844, 68 Am. St. Rep. 30]; *Gault* v. *Wiens*, 32 Cal. App. 1 [161 Pac. 996].)

The contention of appellant that the damages allowed were not only excessive, but contrary to the evidence, is wholly without merit.

We see no error in the rulings of the trial court, and the judgments of the trial court are affirmed.

Pullen, P. J., and Thompson, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 9, 1934.

Preston, J., and Tyler, J., *pro tem.*, dissented.