[Civ. No. 19207.   First Dist., Div. Two.   Dec. 30, 1960.]

ROBERT J. RIBIERO, Respondent, v. BEN DOTSON, Appellant.

William J. Gintjee, George Y. Chinn and Jack P. Wong for Appellant.

Robert J. Cooney for Respondent.

DRAPER, J.—Defendant appeals from judgment for plaintiff in this action for damages for breach of contract. The case was tried to the court sitting without a jury.

On March 19, 1958, plaintiff agreed to buy defendant's bar business. The printed deposit receipt form which constituted the contract was filled in to provide for sale of "Lease, Fixtures, Glassware, Goodwill, on sale General Liquor License, and any other furniture, etc. in the place of business known as 'Dotson's.' " As required by the agreement, plaintiff deposited in escrow $5,000 on account of total purchase price of $13,500. In mid-April, defendant refused to complete the sale. This action was filed May 15, 1958, and resulted in judgment for plaintiff for $2,500 general damages and for $216.36 special damages.

The answer alleged that the parties had orally agreed that the deposit receipt would not be effective unless defendant

were able to obtain consent of his lessor to assignment of the lease to plaintiff. Since the lessor refused to consent, the defense was that the agreement never became effective.

In support of this contention, defendant was allowed full opportunity to present to the trial court extended evidence of the facts, conversations and circumstances attending negotiation for and execution of the agreement of sale. However, in cross-examination of plaintiff, defense counsel asked: "Would you have taken the place without a lease?" "Would you have wanted to purchase this place if you couldn't get a lease?" and "When you signed this agreement, what was your understanding concerning the lease?" Objections were sustained. Defendant contends that exclusion of this evidence was error. We cannot agree.

██ Under some circumstances, an oral condition precedent to taking effect of a contract may be shown, if not inconsistent with the provisions of the written agreement (*Fontana* v. *Upp,* 128 Cal.App.2d 205 [275 P.2d 164] ; *Ungcr* v. *Hall,* 61 Cal.App.2d 535 [143 P.2d 497] ; *Spade* v. *Cossett,* 110 Cal.App.2d 782 [243 P.2d 799] ). ██ Also, when the language of a contract is fairly susceptible to one of two constructions (i.e., when it is ambiguous) extrinsic evidence may be considered "not to vary or modify the terms of the agreement but to aid the court in ascertaining the true intent of the parties" (*Barham* v. *Barham,* 33 Cal.2d 416, 422, 423 [202 P.2d 289] ). ██ But in either case, the rule is clear that it is evidence of the circumstances under which the agreement was executed which is admissible (Code Civ. Proc., § 1860). All offered evidence of this sort was received, and the court was enabled to place itself in the position of the parties at the time of their negotiations. ██ However, in the absence of mistake or fraud, which are not shown here, the undisclosed intentions of a party are immaterial (*Brant* v. *California Dairies, Inc.,* 4 Cal.2d 128, 133 [48 P.2d 13] ). Yet all that defendant sought to show by the quoted questions was the subjective, undisclosed intent of one party, not communicated by word, gesture or inference to the other party. Obviously, such evidence is entirely inadmissible to show the meaning of the contract. ██ Defendant fully explored the views and intentions of each party, to the extent that they were disclosed to the other in the course of the negotiations. This testimony was in conflict, the court electing to accept plaintiff's contention that defendant raised no question as to assignability of the lease, but undertook the obligation to

procure the assignment. Thus, although we question that the written contract was ambiguous, we conclude that defendant had the fullest benefit of the rule which would have been applicable had ambiguity existed. The trial court nonetheless found against him on this extrinsic evidence. He cannot now complain that he was denied the opportunity to explore the undisclosed intentions of plaintiff. Moreover, answers to the quoted questions would have served no purpose, since other testimony of plaintiff made it perfectly clear that he desired the lease, and that in his view defendant had agreed to secure its transfer.

Defendant also urges that the damages awarded are excessive. But there is evidence that the business which defendant refused to sell produced net income of $3,247.55 in 1957, and $2,712.56 for the first eight months of 1958. Since the business was established, there is no element of speculation in looking to these figures as a basis for awarding damages (*London* v. *Zachary,* 92 Cal.App.2d 654, 658 [207 P.2d 1067]), and in the light of this evidence the award of $2,500 is not disproportionate.

However, defendant asserts that the record shows only $198.42 expended by plaintiff for escrow expenses, fees to Department of Alcoholic Beverage Control, and interest. Plaintiff's brief does not in any way answer this contention, and our examination of the record supports defendant's view. Thus the award of $216.36 for sums expended by plaintiff must be reduced.

Award of special damages is reduced to $198.42. As so modified, the judgment is affirmed.

Kaufman, P. J., and Shoemaker, J., concurred.